# CHARLESTON.

---

D. H. THOMAS, *Executor etc.,* v. THE KANAWHA & MICHIGAN RAILWAY COMPANY

(No. 5074)

Submitted April 29, 1925.   Decided June 9, 1925.

1. RAILROADS—*Syllabus in Kelly v. K. & M. R. R. Co. Decided Contemporaneously Herewith Adopted and Followed.*

    The syllabus in case of *Grover C. Kelly* v. *The Kanawha & Michigan Railroad Company,* decided contemporaneously herewith, adopted and followed.

2. SAME—*Whether Passenger in Automobile Driven by Another Exercised Such Care For His Safety as Reasonable Prudent Person Would Take Question of Fact For Jury.*

    Whether a passenger riding in an automobile driven by another exercises such care for his own safety as a reasonably prudent person would take under like circumstances, is generally a question of fact for the jury.

Error to Circuit Court, Putnam County.

Action by D. H. Thomas, Executor, etc. against the Kanawha & Michigan Railway Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Byrne, Littlepage, Linn* and *Kelly & Watts,* for defendant in error.

*W. N. Kind* and *Leroy Allebach,* for plaintiff in error.

LITZ, JUDGE:

The plaintiff, D. H. Thomas, as Executor of the estate of W. H. Kelly, deceased, instituted this action in trespass on the case against the defendant, The Kanawha & Michigan Railway Company, to recover damages for the alleged wrongful death of the decedent, resulting from a collision between a passenger train of defendant and a Reo motor truck in which the decedent was riding, owned and driven by his son, Grover C. Kelly. The defendant complains of verdict and judgment of $5,000.00 in favor of the plaintiff.

The accident occurred in the early morning of August 23, 1922, at a public crossing of defendant's railway in Putnam county. The father was killed instantly and the son seriously injured. Earth, trees and other obstructions restricted their vision in the direction from which the train was coming as they approached the crossing. Its failure to sound a warning for the crossing is the act of negligence charged against the defendant. It asserts, on the other hand, that the signal was given and that the plaintiff was guilty of contributory negligence.

As the evidence in this case substantially agrees with that in the suit of Grover C. Kelly against the defendant for his injury, decided contemporaneously herewith, there is no occasion for further details. We there held that the questions of negligence and contributory negligence were proper for jury determination.

It is, however, contended by the defendant that the decedent, who was riding on the side of the truck facing the train, and probably in a better position than the driver to observe its approach, was guilty of contributory negligence, as a matter of law, notwithstanding a different conclusion with respect to the conduct of Grover C. Kelly. This argument is insisted upon especially because of the testimony of the fireman of the train that the decedent seemed to be looking ahead as the truck neared the crossing. The fireman, who was keeping a lookout from the side of the engine in view of the crossing, says he first discovered the truck when it was about fifteen feet, and the train 125 or 150 feet, from the crossing;

and that before he could communicate with the engineer the train had advanced to within 50 to 70 feet of the crossing. The engineer testifies the train was running 50 or 55 miles an hour. Assuming that the train could have been seen 125 feet from the crossing, as indicated by the evidence of the fireman, and that the train was running 55 miles an hour, which would be 81 feet a second, there was only one second and a half of time given the decedent, seventy-six years of age, to save himself. Considering the advanced age of the decedent, the fact that his son, on whom he would naturally rely, was in charge of the vehicle, and the almost inappreciable time within which he could have acted in an effort to preserve his life, we do not think he should be held to a more strict accountability than the driver. *Young* v. *White Sulphur & H. R. Co.,* 96 W. Va. 534, 123 S. E. 433.

The defendant complains of the giving of certain instructions on behalf of plaintiff and refusal of others for it, the most of which are similar to those involved in the *Grover C. Kelly* case. Upon careful examination of the remaining ones, we find no valid cause for reversal based thereon, the theories of both plaintiff and defendant having been fairly and fully presented to the jury by the instructions given.

The judgment of the circuit court is

*Affirmed.*