ALCIDE MASSE *vs.* LEONARD H. WING ET AL.

Androscoggin.     Opinion March 7, 1930.

34

*Clifford & Clifford*, for plaintiff.
*William B. Mahoney,*
*John B. Thomes,*
*Fred H. Lancaster*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

DUNN, J. While plaintiff was wiping water and ice from the windshield of an automobile which, as he alleged, had been stopped on its own side of a public way in Androscoggin county, on January 2, 1929, a motor truck, owned by the defendant, Wing, and operated by the other defendant, collided with the automobile, to the injury of the plaintiff.

Alleging the owner of the truck answerable for the negligence of his servant or agent, plaintiff sued the owner for damages. Plaintiff also sued the truck driver, counting on his personal responsibility.

The cases were jointly tried. On sharply conflicting evidence, the jury found for the plaintiff; each verdict is for five thousand dollars.

There are general motions for new trials.

Appreciating that, in the event of judgments on the verdicts, satisfaction of either would bar collection of the other, counsel for the defendants, arguing the two motions as one, concedes the finding of liability to be sustained by the evidence.

On the motions, then, controversy narrows to whether the verdicts are excessive, within the legal meaning of that term.

The jury could have found, from the evidence, that the plaintiff, who was twenty-seven years old, and in good physical condition, sustained multiple contusions of the face and body; torn ligaments and muscles in the chest area; a lateral fracture of the middle inner bone of the nose, obstructing the left passage; perhaps a greenstick fracture of one or two ribs; slight injury to the coccyx; and sacroiliac strain. Doctors attested that the strain was likely to be more or less permanent. The trial was nine months after the accident. Plaintiff testified that he still suffered from backaches, head-

aches, and hemorrhages. There was evidence of subjective symptoms of traumatic neurosis. Plaintiff's earning capacity, as an automotive mechanic, it was in testimony, had been impaired, his wages being but one-half what they had been before; this, because of his inability to do heavy lifting, or undergo muscular strain, with any sense of security. For hospital and medical charges, there is no dispute, he had incurred the expense of three hundred and twenty-five dollars; the value of the time lost, was nine hundred and eighty dollars.

The elements of expense, compensation for lost time, impaired earning power, pain and suffering — past, present, and future — as the proof reasonably showed, find reflection in the verdicts.

Our review of the evidence leads us to the conclusion that, as "excessive" is defined by the cases, the verdicts may not be said to be so enormous as to show improper influence, or the effect of passion or prejudice.

Defendants took three exceptions.

To prove that plaintiff was standing on the left running-board of the automobile, removing freezing mist from the windshield, when the truck struck him, and carried him for a distance of seventy-five feet, plaintiff gave his own testimony, which another witness corroborated.

One Price, whose arrival at the scene of the accident had been within an hour after its occurrence, testified, against exception, that he had discerned, from marks in the snow and broken glass on the road where the automobile had had position, "where the truck had come up," and "where it had dragged the man about fifty feet." Second exception goes to the refusal to strike out the testimony. The third exception concerns testimony by this same witness, who had not seen the truck, as to where the truck had been stopped.

In behalf of the exceptions, it is said that the objected testimony is supposed, inferential and argumentative.

Witnesses testify, every day, in their own way of speaking, to jurors who have quick ears for such speech, of that which the witnesses have observed or noted.

Even if, in the instant cases, the admission of the testimony and the refusal to strike out the testimony, were technically erroneous,

yet in any reasonable view of the record, prejudice was not worked.

Two eyewitnesses for the plaintiff attested how the accident happened, and the manner in which the plaintiff had been injured. The objected witness stated, in his own way, that he had observed where, when one automobile had been stopped on the roadside, another motor vehicle, crossing the road, had come to the same place, and where "a man," that is, where somebody or something had been dragged, and how far beyond where dragging ceased, the truck, as the witness determined, had gone. His testimony coincides in substantial essentials, not only with the testimony of the witnesses before mentioned, but with the testimony given by one of the defendants.

Whether the evidence of the witness was too remote, was within the discretion of the presiding judge. *Ferron* v. *King*, 210 Mass., 75. Discretion does not appear to have been exercised wrongly. An excepting party, to have his exceptions sustained, must show himself aggrieved. *Davis* v. *Alexander*, 99 Me., 40. That, these exceptors do not show.

*Motions overruled.*
*Exceptions overruled.*