ALFIO GARROTTO, APPELLANT, V. SAM BUTERA, APPELLEE.

FILED JULY 29, 1932. No. 28148.

*Rosewater, Mecham, Burton, Hasselquist & Chew,* for appellant.

*Gaines, McGilton, McLaughlin & Gaines, contra.*

Heard before GOSS, C. J., DEAN and PAINE, JJ., and BROADY and RHOADES, District Judges.

BROADY, District Judge.

This is an action for damages for personal injuries resulting from an automobile accident. The plaintiff and defendant had arranged for a rabbit shooting outing on a Sunday, and together with others drove to the shooting grounds in the defendant's automobile with the defendant driving. Upon the return trip, when the plaintiff was riding in the front seat with the defendant, the car struck a bump at the point where the pavement stops and the

graveled highway begins. The car was swerved to one side and ran for some distance in a swerving manner and then ran off the pavement into the side ditch and embankment, when the plaintiff received the injuries complained of. The jury returned a verdict in favor of the defendant, and plaintiff appeals and assigns as error, among other grounds, that the court erred in giving instruction No. 5, which in effect told the jury that if they found the parties were engaged in a joint enterprise there could be no recovery. Instruction No. 5 is as follows:

"The defendant has pleaded in his answer that he and the plaintiff were engaged in an joint enterprise at the time and place of the accident. In this regard you are instructed that, if there be a community of interest in the objects and purposes of the undertaking and an equal right to govern the movements and conduct of each other in respect thereto, then the enterprise would be a joint enterprise under the law. If you find from a preponderance of all the evidence in the trial that plaintiff and defendant were engaged in a joint enterprise, then plaintiff cannot recover and your verdict will be for the defendant."

In instruction No. 4 the court told the jury if they found plaintiff was merely the invited guest of the defendant then in that case the defendant "was bound to exercise due and reasonable care in the operation of said automobile for the safety of the plaintiff, and not to do any act that would increase or create any unnecessary danger; and if you find * * * the defendant was negligent and careless in the operation of the car, * * * your verdict shall be for the plaintiff."

From these two instructions it is plain that the jury were told that the plaintiff could recover if he were merely an invited guest of the defendant, but that he could not recover if he and the defendant were engaged in a joint enterprise.

The defendant pleaded and now insists that the plaintiff and the defendant were, at the time, engaged in a joint enterprise or common undertaking, and that any negli-

gence of the defendant would be imputed to the plaintiff and therefore preclude a recovery in this action.

This case arose before the adoption of chapter 105, Laws 1931, and our decision herein must be controlled by the law existing prior to that act. This act, however, precludes the recovery by a passenger from the driver of an automobile unless the latter was guilty of gross negligence or was intoxicated. Prior to the adoption of the act of 1931, above referred to, it was well settled in this state that a mere guest, at least, may recover against his driver for injuries resulting from such driver's negligence. *Judge v. Wallen,* 98 Neb. 154; *Jessup v. Davis,* 115 Neb. 1; *Toliver v. Rostin,* 120 Neb. 363. "Whether a person riding in the automobile of another is engaged in a common enterprise with the latter is a question for the jury, where it is an issuable fact." *Judge v. Wallen,* 98 Neb. 154. And, too, this court has said: "Except with respect to the relation of partnership, or of principal and agent, or of master and servant, or the like, the doctrine of imputed negligence is not in vogue in this state." *Andersen v. Omaha & C. B. Street R. Co.,* 116 Neb. 487, and cases cited therein.

We think the case of *Jessup v. Davis,* 115 Neb. 1, directly controls this case. In the *Jessup* case the plaintiff's husband was riding with Davis in the latter's car making a business trip for the purpose of making collections for a bank of which the defendant was cashier, and Jessup had, from time to time, been collecting bad paper for the bank, and at the time they were going to an adjoining county for the purpose of instituting criminal action against the maker of the note owing to the bank. It seems that Jessup had suggested this course and requested that they go in Davis' car. The plaintiff claims that while on this trip defendant Davis lost control of the car and jumped from the car which thereafter overturned resulting in the death of Jessup. Davis, among other things, claimed, as in this case, that the plaintiff was, at the time, engaged in a joint enterprise and therefore could not recover. The court gave an instruction to the jury to the same effect as is set forth

in instruction No. 5 in the instant case, that is, if the jury found that the parties were engaged in a joint enterprise, *"in which each had a financial interest,"* then any negligence of the defendant would be imputed to Jessup and preclude any recovery by the plaintiff. This court, on appeal, held that the facts in that case did not warrant an inference of a joint financial interest, or that they (Jessup and Davis) had joint control over the movements of the car. The court said: "It is true, both were desirous of going to Clay Center. Jessup was a gratuitous passenger. Both, in a sense, may have had some interest in the object of the trip. * * * Defendant, not Jessup, was in control of the car. Jessup had no authority over defendant and no authority to direct the movements of the automobile." The court held that the instruction given was erroneous, and partly, at least, for that reason reversed the verdict and judgment for the defendant. Under the law announced in the *Jessup* case we think the giving of instruction No. 5 in the instant case was, likewise, reversible error.

The rule of imputed negligence has been applied in cases almost exclusively in actions by or against third persons. The case of *Jessup v. Davis, supra,* is at least an exception in this state. In that case the court distinctly held that the plaintiff was an invited guest of the defendant, but this court, so far as we are now informed, has never directly passed upon the single question of whether the negligence of a coadventurer is imputed to his associate so as to preclude a recovery by the latter for the former's negligence, and both parties to this action now request a direct ruling upon that question. A search of authorities of other jurisdictions discloses a general like situation.

The defendant cites as authority a Michigan case, *Frisorger v. Shepse,* 251 Mich. 121, which holds, or at least states from the facts set forth, that the plaintiff and the defendant and others were going to a dance in the car owned by the defendant's father, and that under the circumstances the parties were all engaged in a joint enterprise and therefrom assumed both the plaintiff and the defendant to have common control and possession of

the automobile, and that the defendant was not liable to the plaintiff, even though the defendant was negligent in the operation of the automobile which he was driving; this on the stated theory of partnership or agency of one for the other.

Other jurisdictions hold that a joint adventurer is liable for the results of his own personal negligence to his coadventurer. "The doctrine of joint enterprise is peculiar to contributory negligence and has no application to actions brought by one joint adventurer against another to recover for injuries due to the latter's negligence." 45 C. J. 1020. "One must use ordinary care in his personal conduct so as not to injure another, whatever their relation. * * * Whether the relationship is host and guest or that which exists between joint adventurers in a common enterprise, the driver of an auto is liable for his negligence resulting in an injury to one riding with him." *Berlin v. Koblas,* 183 Minn. 278. Where the action is brought by one member of the enterprise against another there is no place to imply the doctrine of imputed negligence. *O'Brien v. Woldson,* 149 Wash. 192.

New York, in *Wilmes v. Fournier,* 180 N. Y. Supp. 860, holds likewise in an unanswerable argument, as we view it, as follows: "A joint enterprise or partnership is not for the purpose of permitting one of the parties thereto to commit a tort upon his associates. Suppose that this hunting party had reached its destination, and a member of the party had carelessly shot one of his associates; would the fact that they, to some extent, were engaged in a common enterprise, render the defendant, sued for the shooting, immune? I think not."

To hold that one engaged in a joint adventure or enterprise could escape liability from the results of his own personal negligence, however gross it might be, on the ground that a common enterprise imputed his negligence to his injured associate would permit him to take refuge behind his own wrong. We therefore hold that prior to the adoption of chapter 105, Laws 1931, the mere fact an injured

party may have been engaged in a joint enterprise does not preclude a recovery from his negligent associate unless the act complained of as negligent was a necessary part of, or the rendition of necessary assistance to, the common undertaking, or unless the party injured had authority over the driver to direct the movements of the automobile.

Instruction No. 5 as given by the court told the jury plaintiff could not recover if the parties were engaged in a joint enterprise. That is an incorrect statement of the law and presumably had some effect upon the jury's verdict. Therefore the judgment of the trial court is reversed and remanded for further proceedings.

REVERSED.