C. H. Gilmer, *Admr. v.* C. G. Janutolo *et al.*

(No. 8162)

Submitted October 1, 1935. Decided October 15, 1935.

*Love & Love,* for plaintiffs in error.
*Hugh G. Woods* and *John R. Pendleton,* for defendant in error.

Woods, Judge:

This is an action to recover damages for unlawful death due

to defendants' alleged negligence in failing to give proper warning of the temporary blocking of the highway by their road roller. The defendants prosecute error to the action of the trial court in setting aside a verdict in their favor.

Plaintiff's decedent was at the time of the accident a guest of W. R. Raney, Jr., who was driving a Chevrolet coach. She had gotten in the car at Matoaka, for the purpose of accompanying Raney to Princeton, via Lake Shawnee. The defendants were at the time engaged in sub-grading and placing the stone base upon the road between Matoaka and Lake Shawnee preparatory to hard surfacing the same. The rough grading had been completed in 1931, and since that time the road had been open to travel. Defendants' contract required them to maintain traffic on the road while under paving. The accident occurred approximately 1,200 feet down the half-mile straight-away leading off the ridge between Matoaka and Lake Shawnee. The grade along this straight-away was between seven and eight per cent.

The roller involved in the accident had been used on June 14, 1934, for the purpose of rolling the stone base which had that day been completed up to within four hundred feet of the scene of the accident. The defendants did not stop working until after eight o'clock on that particular evening. Flares were placed at the end of the rock base. And, in order to clear the road, the roller was driven up the grade in the direction of Matoaka to a point where it was to be moved off the highway. Not being provided with lights, it was preceded by a truck, with lights burning. The truck and roller stopped at the point of the accident, and the latter was backed diagonally across the road. When the rear wheels had reached the left of the road, one of them came in contact with a stone causing the motor to die. This made the roller, which was over sixteen feet in length, extend beyond the center of the traveled way.

The roller had been stalled approximately five minutes when the Chevrolet coach crashed into it, striking near the front end. Plaintiff's decedent was thrown forward by the impact, her head going through the windshield. One of the

veins of her neck was severed by the broken glass, from which injury she died later in the evening.

According to defendants' evidence, the truck which preceded the roller was moved forward seventy-five feet immediately after the roller had stalled, and the driver of the truck, upon the approach of the Chevrolet, placed himself from two to three feet in front of the left headlight and tried to wave it down. Raney, testifying on behalf of plaintiff, stated that the truck was back at the location of the roller, thus completely blocking the highway, and that its lights obscured witness' vision immediately ahead, and that as he passed beyond the lights the roller loomed up in front of him; that he swerved to the left but there was not sufficient room to get through, nor time to stop, after discovering its presence in the road. The plaintiff contended it was dark and the defendants that it was still light. There was also a sharp conflict as to the speed of the car.

In view of the conflict in the evidence, the court was not warranted in setting aside the verdict on that score. So, we must look to the instructions to ascertain the propriety of its action.

The defense, as revealed by the instructions, seems to have been built on the theory that the driver of the Chevrolet coach should have operated the same in a manner consistent with the conditions of the road and dangers to be encountered thereon, whether due to negligence of defendants or otherwise; and that the driver was the sole proximate cause of the injury. In this, defendants lose sight of the fact that plaintiff's decedent was a guest and therefore not held to the same degree of care and precaution as the driver, Raney, and that negligence, if any, was a question for the jury. As stated in *Young* v. *Railroad Co.*, 96 W. Va. 534, 123 S. E. 433: "The duty of a passenger being less than that of the driver of an automobile and depending on so many circumstances, the question of his contributory negligence is almost always one for the jury."

The negligence of the driver, according to the overwhelming weight of authority, does not defeat the remedy of a passenger who sustains an injury by reason of the negligence of

another person. 5-6 Huddy on Automobiles, 269; 4 Blashfield, Cyc. of Auto. Law, 291. And especially is this true when the passenger is merely a guest or gratuitous passenger, and there is no family or business relation between him and the driver. This Court, in *Pierce Ex'r.* v. *B. & O. R. R.*, 99 W. Va. 313, 128 S. E. 832, said: "The rule must be regarded as now fully settled, both in England and America, and certainly in this State, that the negligence of the driver of the vehicle can not be imputed to a passenger therein, when the passenger is free from personal negligence, and has no control over the driver, and has not been guilty of any want of care in his selection."

Since there may be occasions where the driver was negligent and the guest free from fault, it is apparent that the defendants' instructions Nos. 4, 5, 6, 7, 8 and 11 were faulty in that they made the decision turn so far as defendants were concerned upon the driver's negligence alone.

In view of the errors pointed out, the action of the trial court in setting aside the verdict of the jury must be affirmed.

*Affirmed.*