MARGARET BEATRICE PORTERFIELD *v.* WALTON SUDDUTH

(No. 8315)

Submitted February 25, 1936. Decided March 17, 1936.

232

*Walter G. Burton* and *Sanders & Day,* for plaintiff in error.
*Richardson & Kemper,* for defendant in error.

LITZ, JUDGE:

The jury returned a verdict for $1500.00 against defendant, Walton Sudduth, in favor of plaintiff, Margaret Beatrice Porterfield, for personal injuries sustained by her in a collision between a Ford motor truck driven by her husband, J. K. Porterfield (in which she with her two-year-old son was riding), and another motor truck belonging to defendant. Plaintiff prosecutes this writ to the judgment of the circuit court, setting aside the verdict and granting defendant a new trial.

The accident occurred in a fog about 6:45 a. m., October 8, 1934, on Bluefield Avenue, Bluefield, West Virginia, at its intersection with another highway, locally designated Bramwell Road. The paved portion of the avenue is 35 feet and ten inches in width, with an electric car line four feet ten inches wide in the center. The two trucks were headed in the same direction. The Ford, while moving, with its lights on, at a speed of from fifteen to eighteen miles an hour, hit the Sudduth truck, standing with its left wheels between the rails of the car line without lights; the right front of the former contacting the left rear of the latter. According to the

testimony of Marvin Lindamood, a witness for plaintiff, the Sudduth truck had been standing but a short while before the impact. Porterfield was en route from his home in Bluefield, Virginia, to work in Bluefield, West Virginia. He had encountered fog of varying density along the way (a distance of one and one-fourth miles), and, for the purpose of gaining a clearer vision in front, drove with his head out of the window. He says he could see through the fog, at some points twenty-five or thirty feet, at others only ten or twelve feet; and that upon discovering the Sudduth truck standing, he veered the Ford to the left in an effort to avoid a clash. The plaintiff, due to moisture on the windshield, was unable to see ahead, but could discern the curb and other objects along the side to her right. Other motorists were using the road. No evidence was offered by defendant.

The verdict was set aside upon the theory that plaintiff, because of her acquiescence in the operation of the Ford by her husband through the fog, was guilty of contributory negligence as a matter of law. Defendant contends that the ruling of the trial court should be affirmed on the grounds: (1) that the driver of his truck was free from fault; (2) that plaintiff was guilty of contributory negligence; and (3) that an improper instruction was granted on her behalf.

First. No theory of reasoning could, in our opinion, justify the legal conclusion that the unexplained parking or stopping of the Sudduth truck, without lights, at the intersection of the two highways, in the fog, twelve or fifteen feet from the right-hand curb, did not constitute negligence on the part of the driver thereof. The unexplained parking or stopping of the truck, under the circumstances, was prima facie negligence under common law principles as well as by virtue of the following municipal and statutory traffic regulations. "All vehicles not in motion shall be placed with their sides as near the right-hand side of the highway as practicable, except on city streets where traffic is obliged to move in one direction only." Section 2, article 8, chapter 17, Code

1931. "Except when necessary, in obedience to traffic regulations or traffic signs or signals, the operator of a vehicle shall not stop, stand, or park such vehicle in a roadway other than parallel with the edge of the roadway, headed in the direction of traffic, and with the curb side wheels of the vehicle within six inches of the edge of the roadway, except as provided in the following two paragraphs (neither of which affect the case)." Section 39a, article 6, Traffic Ordinances of Bluefield, West Virginia.

Second. Was the plaintiff guilty of contributory negligence as a matter of law? We think not. Whether a passenger riding in an automobile driven by another exercises such care for his own safety as a reasonably prudent person would take under like circumstances, is generally a question of fact for the jury. *Young* v. *White Sulphur & Huntersville Railroad Co.,* 96 W. Va. 534, 123 S. E. 433. The mere fact that the passenger is the wife of the driver does not change the formula. Huddy, Enc. Automobile Law (5-6) p. 297. The rule applies in case of injury to a passenger resulting from a collision between the car in which he is riding and a motor vehicle standing on a highway without lights in smoke, fog, dust, mist or darkness. *Gilmer* v. *Janutolo,* 116 W. Va. 500, 182 S. E. 572; *Frederick & Baltimore Transp. Co.* v. *Mumford,* 154 Md. 8, 139 Atl. 541, cited in 63 A. L. R. 1449; *Van Sciver* v. *Abbott's Alderney Dairies,* 6 N. J. Misc. 949, 143 Atl. 153; *D. & H. Truck Line* v. *Hopson,* (Tex. Civ. App.) 4 S. W. (2d) 1014, cited in 63 A. L. R. 1450; *Daugherty* v. *Transportation Co.,* (C. C. A.) 62 F. (2d) 349; *Cormican et al.* v. *Menke et al.,* 306 Pa. 156, 159 Atl. 36; *Richard* v. *Maine Central Railroad Co.,* 132 Me. 197, 168 Atl. 811; *Gilly* v. *Harris,* (La. App.) 152 So. 378; *Graves* v. *Mickel,* 176 Wash. 329, 29 Pac. (2d) 407; *Brothers* v. *Berg,* 214 Wis. 661, 254 N. W. 384; *Cotton* v. *Ship-By-Truck Co.,* (Mo. Sup.) 85 S. W. (2d) 80.

Defendant relies, with much confidence upon *Ewing* v. *Chapman,* 91 W. Va. 641, 114 S. E. 158, wherein it was held that a passenger injured in a head-on collision

between a Ford automobile in which he was riding and a motor truck, was guilty of contributory negligence as a matter of law. The accident occurred in a dense fog on a narrow and curving road (the improved portion being only nine and a half feet wide) while both vehicles were traveling without lights. It was also doubtful whether either driver could have determined on what portion of the road his car was moving at the time of the impact. We are, therefore, of opinion that this case is not controlling.

Third. Plaintiff's instruction No. 2, complained of, reads: "The court instructs the jury that where the concurrent negligence of two persons causes an injury, both are liable. It is immaterial in such case that the negligence of one is greater than that of the other, or that his negligence precedes or follows that of the other. Therefore, if you believe from all the evidence in this case that just prior to and at the time of the accident in which plaintiff was injured plaintiff's husband and the driver of the defendant's truck were both negligent and that such combined negligence caused plaintiff's injuries, then you shall find a verdict for plaintiff, unless you believe from all the evidence in the case that she was guilty of contributory negligence which contributed to her own injuries." The instruction is criticized on the grounds (1) that it is abstract, and (2) that it does not define negligence. The first point is without basis; and negligence is defined by plaintiff's instruction No. 1. Instructions must be read and considered as a whole. *Truman* v. *Wink-O Products Company*, 96 W. Va. 256, 122 S. E. 745.

We reverse the judgment of the circuit court and enter judgment on the verdict.

*Reversed and entered.*