THEO HORCHLER *v.* JOE VAN ZANDT

(No. 8762)

Submitted September 13, 1938. Decided October 4, 1938.

*P. J. Crogan,* for plaintiff in error.

*J. V. Gibson,* for defendant in error.

*Charles P. Wilhelm* and *F. E. Parrack,* for Victor Halbritter.

MAXWELL, PRESIDENT:

This writ 'of error presents for review the trial of an action wherein the plaintiff, Theo Horchler, recovered judgment, on verdict, against the defendants, Joe Van Zandt and Victor Halbritter, for $2,000.00. Writ of error was awarded Van Zandt alone.

The action is for personal injury received by the plaintiff July 19, 1935, in an automobile accident on a cinder and dirt road between the towns of Newburg and Tunnelton in the county of Preston. The plaintiff was riding with the defendant Van Zandt in the front seat of the latter's automobile, he being the operator thereof. As the automobile proceeded around a curve westward toward Newburg, it collided with a truck moving eastward toward Tunnelton. The truck was owned by Leslie Halbritter and was operated at the time by his son, Victor Halbritter. The plaintiff instituted this action against the two Halbritters and Van Zandt. The jury, at the direction of the court, found in favor of Leslie Halbritter, but, on consideration of the whole case, returned a verdict against Van Zandt and Victor Halbritter for $2,000.00, and on that verdict the court entered judgment. Victor Halbritter's subsequent petition to this court for writ of error was denied; consequently, the judgment against him has become final.

There is sharp and irreconcilable conflict of testimony whether the accident was brought about through negligent driving of Van Zandt or Halbritter, or both of them. Each, in his testimony, lays the responsibility on the other. The court having denied writ of error to Halbritter because it was of opinion that the record did not disclose prejudicial error against him, there comes now before the court solely an appraisal of the record as it affects Van Zandt.

The first question for consideration is whether the record presents appreciable evidence tending to establish that the accident was proximately caused by negligent conduct of Van Zandt. There is such evidence, which, if believed by the jury, was sufficient to warrant a verdict against him. Halbritter testified that at the instant of impact the left side of the Van Zandt automobile was two or three feet to the left of the middle of the road; that the impact caused a blow-out of a tire of the Halbritter truck, and that the mark of this blow-out was impressed in the cinders and ashes; that this impression was on Halbritter's right side of the road and that in the hole there was picked up immediately after the accident a small piece of rubber which, in the accident, had been knocked off his left running board. Crawford Temple, a witness introduced by Halbritter, testified that he lived near the place of accident and being attracted by the noise, went immediately to the scene; that he could see the marks on the road where the accident took place and that the mark of the blow-out of the Halbritter tire was a little to the south side (Halbritter's right) of the middle of the road.

There were no outstanding physical facts from which the court would be warranted in holding that the jury was plainly in error as to either Halbritter or Van Zandt. In the evidence there is ample justification for the belief by the jury that each of the parties was unduly crowding the middle line of the road and that, therefore, there was joint responsibility for the accident which occurred. The verdict of a jury on conflicting evidence, under proper instructions, will not be disturbed on writ of error, unless plainly against the preponderance of the evidence. *Stephens* v. *Bartlett,* 118 W. Va. 421, 191 S. E. 550.

Errors of law assigned by Van Zandt: It is urged that there was prejudicial error in overruling Van Zandt's demurrer to the amended declaration because there is contained therein an allegation that plaintiff's husband "was crippled and unable to engage in any oc-

cupation for hire or gain and that said plaintiff was the breadwinner and head of the family." An allegation such as this may be somewhat unusual, but, at most, being unnecessary in the factual allegations against the defendant, the averment is mere surplusage. Pleadings are not vitiated by surplusage. *Thomas* v. *Electrical Company*, 54 W. Va. 395, 46 S. E. 217; *Martin* v. *Cochran*, 94 W. Va. 432, 119 S. E. 174.

Again, it is insisted that the court erred in impaneling twenty-four jurors instead of twenty. The larger number was directed by the court in order that the Halbritters might have four strikes as well as the plaintiff and Van Zandt each have that number. Counsel for the defendants had stated to the court that the interests of the Halbritters and Van Zandt were antagonistic and therefore they could not unite in their peremptory challenges. The statute provides: "And in every case, unless it be otherwise specially provided by law, the plaintiff and defendant may each challenge four jurors peremptorily." Code, 56-6-12. It is usual for the court to place in the box twenty qualified jurors, they having passed the test under *voir dire*. But where a trial court, prompted by a desire to extend every privilege to a litigant, calls a panel of more than twenty, to the end that each defendant, as well as the plaintiff, may have four peremptory challenges, we are impressed there is not on that account any possibility of error whereof a defendant may complain. Certainly, a defendant may not in the first instance announce that he cannot cooperate with a co-defendant in making peremptory challenges and later object because the number of the panel was increased so that he might be accorded the statutory number of challenges independent of his co-defendants.

Instructions. The giving of certain instructions tendered by the plaintiff was objected to by Van Zandt, but the grounds of objections were not specified. The rules of practice for trial courts require such particularization. Rule VI (e), 116 W. Va. lxiii; *Saunders* v. *McCown*, 120

W. Va. 294, 198 S. E. 520; *Hale* v. *McGinley*, 119 W. Va. 565, 195 S. E. 201.

The refusal of the court to give Van Zandt's instruction Number Two is assigned as error. This instruction would have told the jury that if they believed from the evidence that the plaintiff and Van Zandt, at the time of the accident, were engaged in a common or joint enterprise, Van Zandt would not be liable to the plaintiff for damages on account of her injury unless it was shown that he was grossly negligent and wantonly and willfully drove his car so as to injure the plaintiff. These two parties both lived at Newburg and were employed by a mercantile firm at Tunnelton, about seven miles distant. Ordinarily, they drove to and from their homes and place of employment in a truck owned by their employer. On the day of accident the truck was in need of repair, so, according to the plaintiff's testimony, the employer suggested that, instead of trying to use the truck, the plaintiff ride with Van Zandt in his automobile. Specifically, she said in evidence that the employer "asked me to ride with Mr. Van Zandt, as that was the only way we had to go back and forth." Van Zandt testified that sometimes he and the plaintiff used the employer's truck and "sometimes we traveled in my car." On this background, considering the matter as factual for jury decision, could determination properly be made that the situation pertaining to these parties at the time of the accident constituted a joint enterprise between them? And, as a matter of law, if it was a joint enterprise, will negligence of the driver be imputed to the guest as a defense for the driver?

A joint enterprise or adventure frequently exists in business undertakings. It is less amalgamating than a partnership but partakes of the nature thereof. *Ohio Valley Builders' Supply Co.* v. *Construction Co.*, 108 W. Va. 354, 151 S. E. 1. Such adventure is sometimes called a limited partnership; not limited as to liability, but as to its scope and duration. *Ross* v. *Willett*, 76 Hun 211, 27 N. Y. S. 785. Distinguished from the routine of

partnerships and other business associations, single or isolated undertakings usually constitute the background of joint adventures. *Fletcher* v. *Fletcher*, 206 Mich. 153, 172 N. W. 436; *Keiswetter* v. *Rubenstein*, 235 Mich. 36, 209 N. W. 154, 48 A. L. R. 1049.

Since the rise of multitudinous automobile cases there has been frequent effort to invoke the joint-adventure doctrine in order to avoid the general rule that the negligence of an automobile operator is not usually to be imputed to a passenger. *Jones* v. *Railway Co.*, 115 W. Va. 665, 177 S. E. 621. Occasionally, this effort has prevailed because of peculiar facts involved. Typical of such cases where the action was by the guest against the host: *Beaucage* v. *Mercer*, 206 Mass. 492, 92 N. E. 774, 138 Am. St. Rep. 401; *Frisorger* v. *Shepse*, 251 Mich. 121, 230 N. W. 926. The case of *Washington & O. D. Ry. Co.* v. *Zell's Adm'r.*, 118 Va. 755, 88 S. E. 309, is representative of the group imputing the driver's negligence to the guest in an action of the latter against a third party. It is generally the rule that the relationship of joint enterprise between host and guest is not established by the mere fact of their riding together in an automobile to the same destination for a common purpose, the guest having no voice in directing and governing the movements of the car. *Whiddon* v. *Malone*, 220 Ala. 220, 124 So. 516; *Jones Mercantile Co.* v. *Copeland*, 54 Ga. App. 647, 188 S. E. 586; *Johnston* v. *Kincheloe*, 164 Va. 370, 180 S. E. 540; *Coleman* v. *Bent*, 100 Conn. 527, 124 Atl. 224; *Director General of Railroads* v. *Pence's Adm'x.*, 135 Va. 329, 116 S. E. 351. In *Coleman* v. *Bent, supra,* is a terse and forceful statement which we approve as applying the correct factual test to passenger cases where effort is made to invoke the doctrine under discussion. The court said: "We are of opinion that the doctrine of joint adventure, as applied to the operation of a vehicle owned by one of the occupants, ought to be restricted to cases where the common right to control its operation, and the correlative common responsibility for negligence in its operation, is either clearly apparent from the agreement

of the parties, or is a logical conclusion from the facts found by the trier." At an earlier point in the same opinion is this statement: "What sort of an arrangement will make the parties to it joint adventurers in the operation of the vehicle in which all are riding is well settled. The typical case is where two or more jointly hire a vehicle for their common purpose and agree that one of their number shall drive it. In such a case the possession of the vehicle is joint and each has an equal right to control its operation."

In the case at bar the plaintiff had no measure of authority or control over either the operator or the automobile; neither was she subject to any liability for the manner of the operation of the machine. The elements of a joint adventure were wholly absent. She occupied merely the status of a guest-passenger, and her rights must be appraised accordingly. "A person accepting an invitation to ride in the automobile of another does not, merely by reason of such fact, thereby engage in such common enterprise or joint adventure with the driver as to absolve either from liability to the other for an act of negligence." 4 Blashfield's Cyclopedia of Automobile Law and Practice, p. 171.

But even if there were a joint enterprise between the plaintiff and Van Zandt, it does not necessarily follow that his negligence in driving the car was imputable to her. This court has recognized that in an action by a passenger or guest against a third party the negligence of the driver of the car in which the guest was riding, may be imputed to the latter in an action by him against a third party, if the guest and his host were engaged in a joint enterprise. *Bartlett* v. *Mitchell*, 113 W. Va. 465, 468, 168 S. E. 662; *Gilmer* v. *Janutolo*, 116 W. Va. 500, 503, 182 S. E. 572. However, the question of imputed negligence seems not to have arisen in this court where the action was by a guest against his host. Inasmuch as Van Zandt's instruction Number Two was properly refused because the facts were insufficient to support the theory of joint enterprise, it is not necessary that there

be determination of the legal question whether between parties to a joint enterprise the doctrine of imputability of negligence may defeat the right of recovery by one of the parties for injury resulting from negligence of the other. In many cases in other jurisdictions it has been held that in such circumstances the negligence of the defendant may not be imputed to the plaintiff. Consult: *O'Brien* v. *Woldson,* 149 Wash. 192, 270 Pac. 304, 62 A. L. R. 436; *Archer* v. *Chicago,* M., St. P. & P. Ry. Co., 215 Wis. 509, 255 N. W. 67, 95 A. L. R. 851; *Garrotto* v. *Butera,* 123 Neb. 682, 243 N. W. 879; *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 Atl. 432, 44 A. L. R. 785.

On the whole record, we perceive no error prejudicial to Van Zandt. Therefore, we affirm the judgment.

*Affirmed.*