LAURA A. MONTGOMERY *v.* THE CHESAPEAKE AND POTOMAC TELEPHONE COMPANY OF WEST VIRGINIA, *et al.*

(No. 8842)

Submitted February 21, 1939. Decided March 21, 1939.

*Frederick L. Thomas, Ashton File; File, File & Scherer,* and *Price, Smith & Spilman,* for plaintiffs in error.
*Ashworth & Sanders,* for defendant in error.

KENNA, JUDGE:

To a verdict and judgment against the Chesapeake & Potomac Telephone Company of West Virginia and F. H. Moten in favor of Laura A. Montgomery in an action of trespass on the case for personal injury in the amount of forty-nine hundred dollars, the two defendants in the trial court prosecute this writ of error. There were fifteen grounds of assigned error upon the motion of the defendants to set aside the verdict, which the judge of the Circuit Court of Raleigh County overruled; and there were sixteen grounds of assigned error in the petition upon which this Court granted the writ of error. However, these enumerated grounds of error have been in a way consolidated in the brief and oral argument of attorneys for plaintiffs in error, so that we shall be content to deal with the alleged errors briefed and argued, first digressing in order to give at least a partial resume of the occurrences which gave rise to this action as disclosed by an examination of the testimony.

During the forenoon of the thirteenth day of November, 1937, the plaintiff, who lived near Beckley, went from there to Hinton to "attend to some business." Late that Saturday afternoon, Montgomery drove to Hinton in a Chevrolet coupe, where he and his wife had supper at the home of Mrs. Montgomery's sister and, after having done a little shopping, started back to Beckley on State Route No. 3 at approximately ten o'clock. The evening was clear and there was a full moon.

Mr. Montgomery was driving and when they reached a point in Summers County within approximately one mile of Jumping Branch and were entering a curve upon a section of road the hard surface of which was sixteen feet wide with "shoulders" between two and a half and

three feet wide, they collided with a truck owned by the Chesapeake & Potomac Telephone Company of West Virginia and being driven upon its business by the defendant, F. H. Moten. The latter vehicle was coming out of the curve that the Montgomery car was entering. Neither the truck nor the Montgomery car capsized, although the force of the collision "locked" the front wheels of both. Mrs. Montgomery was injured. Each came to a stop at the right side of the road in the direction in which it was going and on the berm.

It will be necessary to mention part of the testimony in more detail as the different assignments of error are being considered.

The plaintiffs in error have united the first four assignments of error under a single topical heading, which includes overruled objections to testimony of Louis Via and Frank Billups concerning the scene of the accident two days after the accident occurred, and the testimony of Mrs. Montgomery that the truck was coming "very fast" at the time of the collision. The statement of Mrs. Montgomery was admitted in the first place over objection but was repeated without objection. We entertain the view that the admissibility of the testimony of Via and Billups rested in the sound discretion of the trial court and the weight to be given to that testimony was a matter to be determined by the jury, but that their testimony was admissible subject, of course, to the right of the defendants to a proper instruction as to the effect to be given it. *Still* v. *Swanson,* 175 Wash. 553, 27 P. (2d) 704; *Masse* v. *Wing,* 129 Me. 33, 149 A. 385; *Bowker* v. *Ill. Electric Co.,* 112 Cal. App. 740, 297 P. 615; *Tomasko* v. *Raucci,* 113 Conn. 274, 155 A. 64. As to Mrs. Montgomery's testimony, the case of *Colebank* v. *Standard Garage Co.,* 75 W. Va. 389, 84 S. E. 1051, relied upon by plaintiffs in error, we think is not applicable for the reason that in that case it was held to be error to permit witnesses to state their opinion as to whether the speed of the car in question was reasonable or unreasonable. The law usually determines the reasonableness of an automobile's

speed dependent upon the surrounding circumstances, and we see no similiarity in permitting a witness' statement that its speed was "very fast" to go to the jury. There is other testimony as to the speed of the truck, and certainly it was relevant to have Mrs. Montgomery state the impression made upon her, a passenger in the automobile which collided with the truck, by circumstances of which she could not have been oblivious. Conceding, for the sake of argument only, that it might have been erroneous to permit her answer to stand, even then it is difficult to see the prejudice that would have resulted.

The fifth, sixth and seventh assignments of error apparently have been abandoned.

The eighth and ninth assignments involve the giving of plaintiff's instructions three and five. The point urged against plaintiff's instruction number three is that it did not refer to the evidence, but told the jury that they should find for the plaintiff if "you believe" certain things enumerated in the instruction. The specific objections that were made to the giving of this instruction in the trial court were that there was no evidence tending to show that the speed of the truck in any way contributed to the accident (this being a deduction that the jury was entitled to make from the established facts), and that there was no evidence upon which the instruction could be based. We are of the opinion that the specific grounds of assigned objections are not inclusive of the assigned points of error, and if not, that the question plaintiffs in error now raise should be disregarded. *Rice* v. *Builders Material Co.*, 120 W. Va. 585, 2 S. E. (2d) 527; *Horchler* v. *Van Zandt*, 120 W. Va. 452, 199 S. E. 65; *Saunders* v. *Mc-Cown*, 120 W. Va. 294, 198 S. E. 520; *Hale* v. *McGinley*, 119 W. Va. 565, 195 S. E. 201. The construction to be placed upon this rule in felony cases had not been dealt with by this Court until the opinion in the case of *State* v. *Belcher*, 121 W. Va. 170, 2 S. E. (2d) 257, was handed down during this term. This court's application of the rule in civil cases, however, has frequently been announced.

The objection that the plaintiffs in error make to instruction number five, given at the behest of the plaintiff below, we do not regard as well taken. Their contention is that this instruction regards the plaintiff as having been a guest in her husband's car. Again, this was not one of the specific grounds of objection to this instruction. Instruction five was objected to because "(a) this instruction assumes negligence on the part of the defendants; and (b) it does not define what act shall constitute negligence, and leaves to the jury to find as a matter of law what acts constitute negligence." Instruction five is predicated upon concurrent negligence, and was given upon the conditional assumption that if the jury believes from the evidence both drivers were negligent, in that event the negligence of J. W. Montgomery shall not be charged to the plaintiff. Other instructions would have clarified other questions of law upon which this instruction rests, but it is not possible to deal with the correlated legal questions that arise upon a jury trial in a single instruction.

Skipping, as does their brief, to the plaintiffs' in error twelfth assignment of error, they contend that the trial court erred in refusing their instruction number four. We have carefully examined the record, and it seems to us apparent that defendants' instructions numbers two and four-A adequately cover the question of the burden of proof and conclusions to be drawn from the proof that are dealt with in defendants' instruction number four, and the giving of the latter instruction would simply have been repetitious.

Under this assignment of error, the defendants complain of the trial court's refusal to grant their instructions numbers nine and ten, which would have told the jury that the plaintiff's failure to produce as witnesses Drs. R. G. Broaddus and M. L. Halloran created the presumption that if those witnesses had been produced they would have testified adversely to plaintiff's contention. One of these doctors had been subpoenaed and the only additional process for his presence would have been for

contempt of court. This is seldom resorted to where physicians are involved. Although Dr. Broaddus had not been subpoenaed, an attempt was made to procure his attendance when it was discovered that Dr. Halloran had not responded. Both of them had examined the plaintiff, but the plaintiff did produce two other physicians who had examined and treated her, both of whom testified as to the result of the collision on the plaintiff's physical condition. Their competence was not questioned. The record shows that after the plaintiff had rested her case, as had the defendants, attorneys for the plaintiff asked permission to place Dr. Halloran on the witness stand. This permission was denied upon the objection of attorneys for the defendants. Under the circumstances, we cannot perceive prejudicial error in the trial court's refusal to direct the jury that the non-appearance of these two physicians created the presumption that their testimony would have been opposed to the testimony of the other two physicians whom plaintiff did place upon the witness stand. The rule concerning the non-appearance of a material witness we consider inapplicable to a witness whose testimony would merely be corroborative. 1 Wigmore on Evid. (2nd Ed.), sec. 287; 1 Jones Comm. on Evid. (2nd Ed.), sec. 102. See also, *Cooper* v. *Upton*, 60 W. Va. 648, 655, 64 S. E. 523, (on rehearing, 65 W. Va. 401, 64 S. E. 527).

The last assignment dealt with by plaintiffs in error in their brief is the sixteenth, or the trial judge's refusal to set aside the verdict as being contrary to the law and the evidence. We regard it as non-essential to go into the detail that would be indispensable if we should attempt to discuss the points raised under this assignment. The amount of the verdict, we think, does not show bias nor prejudice. We think that it is sufficient to say that the preceding assignments of error adequately cover the legal questions which were correctly raised in the trial court.

For the reasons stated, the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*

MAXWELL, JUDGE, dissenting:

In my judgment, plaintiff's instruction number three was prejudicially erroneous because the pronouncement thereof as to a possible finding by the jury in favor of the plaintiff was not grounded on the jury's *belief from the evidence*—but merely on its *belief*. For this reason I would reverse the judgment, set aside the verdict, and award a new trial.

The instruction involved the proposition of excessive speed of the truck, and was specifically objected to on the ground that the evidence does not disclose that the rate of speed at which the truck was proceeding contributed in any manner to the accident. This was sufficient to direct the court's attention to both the form and the substance of the instruction, though the instruction's palpable lack of proper predication was not specifically referred to in the objection.

Rule VI (e), requiring specific objections to instructions, should be interpreted to mean that in a civil case a general objection will not suffice, unless possibly some extreme circumstance might justify relaxation *(Hale v. McGinley*, 119 W. Va. 565, 195 S. E. 201), and that a specific objection should not receive a close and technical interpretation, but should be deemed sufficient if it is reasonably inclusive of the point on which reliance is placed. In my opinion, this latter proposition is at least implicit in the cases of *McCune v. Crawley Transp. Co.*, 120 W. Va. 301, 198 S. E. 516, and *Saunders v. McCown*, 120 W. Va. 294, 198 S. E. 520.

Respectfully, I dissent from the decision. Judge Fox concurs in this position.