KADE COOPER *v.* ANHEUSER BUSCH, *Incorporated*

(No. 9118)

Submitted January 21, 1941. Decided February 18, 1941.

64

*Worrell & Worrell,* for plaintiff in error.
*Bailey & Shannon,* for defendant in error.

KENNA, PRESIDENT:

In this action of trespass on the case, brought in the Circuit Court of Wyoming County, Kade Cooper recovered a judgment against Anheuser Busch, Incorporated, for fifteen hundred dollars, and the defendant below prosecutes this writ.

There are six general assignments of error, the all-inclusive language of which does not permit their several treatment. There are but two questions that impress us as having materially affected the trial court's judgment, and these only will be discussed.

Recovery was based upon a showing that plaintiff, on July 16, 1939, at Pineville, Wyoming County, had drunk one-half bottle of Budweiser beer prepared and bottled by the defendant for general consumption, and, due to a foreign substance contained therein, had been poisoned and his general health injured, the foreign substance being a piece of vulcanized rubber from a rubber brush or cleaner at the defendant's plant.

The uncontradicted testimony went no further than to establish the fact that plaintiff with a friend at about noon on a very warm Sunday went to a Pineville drug store and there drank about one-half of a sixteen-ounce bottle of beer; that shortly thereafter, he was driven to Mullens where he underwent an examination at the Wylie Hospital, returning to Pineville that afternoon. On the following day the plaintiff consulted a Pineville physician at whose suggestion he went on Tuesday in search of frogs to be used as specimens in experiments which would demonstrate the effect of consuming the beer, the remainder of which in the original bottle plaintiff had kept in his possession. The Pineville physician also obtained a specimen of the contents of plaintiff's stomach.

Both the Pineville physician and the defendant's Assistant Director of Laboratories were permitted to testify as toxicologists, and their conclusions conflicted as to the effect a piece of vulcanized rubber, the exact dimensions of which do not clearly appear, would have upon a bottle of beer and the consequences on a human being of consuming half of a full bottle, the rubber having been contained in sixteen ounces of beer for approximately thirty days.

We think there is no necessity for going into further detail concerning the proof in general, and it will be referred to only in so far as it further touches upon the two questions we believe may have affected the outcome.

An instruction given on behalf of the plaintiff includes the following language: "* * * if you further believe that at the time and place testified about that the beer being drunk by the plaintiff contained decomposed, putrid, tainted or poisonous or unwholesome foreign substances * * * then you shall find a verdict for the plaintiff * * *." There is no proof that would justify the jury's concluding that the beer contained a decomposed or a putrid foreign substance in the usual acceptation of those terms, so that this instruction, not being sustained by sufficient proof to justify its permitted finding, would require a reversal were it not for the fact that the defendant's objection to the instruction when tendered failed to single out for the trial judge's consideration the manner in which a verdict not sustained by evidence might be returned under its direction. For this reason, we cannot consider this instruction as constituting reversible error. *Montgomery* v. *C. & P. Telephone Co.,* 121 W. Va. 163, 3 S. E. (2d) 59; *Jenkins* v. *Spitler,* 120 W. Va. 514, 199 S. E. 368; *Horchler* v. *Van Zandt,* 120 W. Va. 452, 199 S. E. 65.

The remaining half of the beer contained in the bottle was kept in the possession of the plaintiff until introduced as evidence. On October 15, 1939, the Pineville physician who examined plaintiff and who had then procured the required chemicals to do so, chemically analyzed the remaining contents of the bottle from which the plaintiff had drunk. Over the objection of the de-

fendant, the result of this analysis was permitted to go to the jury and formed the basis for a great deal of the witness' testimony concerning the effect of plaintiff's consumption of beer from the same bottle on July 16th. It is conceded, and in fact, the plaintiff's contention rests upon that concession, that from a chemical standpoint beer is a very volatile substance, and the proof shows, without contradiction, that this particular beer, after July 16th, and before October 15th, was poured into unsterilized containers, exposed to the atmosphere, and in several other ways passed through conditions that admittedly affected its chemical nature.

We are of the opinion that the showing of the plaintiff, in order to establish the relevancy of the chemical analysis made October 15th, was entirely insufficient. The one case we have found involving the irrelevance of an analysis due to the lapse of time is *Housand* v. *Armour & Co.,* 173 S. C. 268, 175 S. E. 516, the opinion of which is not helpful here. It seems obvious that it would take a strong showing of identity or at least of similarity to justify the admission of an analysis of the residue made October 15th to establish the nature of the consumed portion of a beverage drunk July 16th.

The analysis of the beer related directly to the principal issue of fact, i. e., that the rubber acted or did not act as a deleterious substance. The verdict was based upon a finding that the rubber caused the beer to injuriously poison plaintiff, and the analysis strongly supported that finding. We are therefore of the opinion that its admission operated to the prejudice of defendant and constituted reversible error.

*Reversed and remanded.*