WALLACE, JUDGE:
On August 30, 1974 at approximately 6:12 a.m., the claimant, William Joseph Smith, was driving a 1969 Chevrolet van in a southerly direction along West Virginia Route 20 in Summers County, West Virginia between the Bluestone Dam and the Bluestone Bridge. He was accompanied by the claimant, Christine Ambrosone, now his wife, Christine Ambrosone Smith, who was asleep at the time of the accident. The van was registered in the name of Christine Ambrosone.
Both of the claimants were employed at Pipestem State Park. On the day of the accident they had left Nimitz, West Virginia at approximately 5:45 a.m. to go to work. The claimants had lived at Nimitz approximately two months. The claimant, William Joseph Smith, testified that he had travelled this road 20 to 25 times; that he had knowledge of rocks falling in the area and was aware of rock fall signs along the highway. Both claimants testified that the van had no apparent mechanical difficulties.
The claimant, William Joseph Smith, testified that they were proceeding along West Virginia Route 20 at 45 mphr maybe 5Q mph. He stated he could see a car approaching from the opposite direction about 300 feet away. As he approached the oncoming vehicle, he dimmed his lights and the other car blinked its lights a few times. He dimmed again and the other car blinked several times more. Not understanding why the other car was blinking its lights, he became concerned. He checked his instrument panel to see if anything was wrong and looked back in his rear view mirror to observe if the other car was stopping or if anything was wrong with it. This consumed a few seconds time. When he looked back at the highway he saw a rock in the highway 30 to 40 feet away. He braked the van as hard as he could but hit the rock; the van veered *222 to the left across the highway and berm through wooden guard posts and over an embankment. There is no testimony that he reduced his speed.
The claimants seek damages in the amount of $150,000.00. The parties stipulated damages to the van in the amount of $1,375.00. There was ample medical evidence that both claimants sustained injuries.
The testimony pertaining to the weather was conflicting. The claimant, William Joseph Smith, testified that it was foggy when they left their home but there was not enough fog to prohibit him from seeing the lights of the oncoming car at the point of the accident. He further testified it was very wet, that a good bit of rain had fallen and that he remembered being soaked. Other witnesses, both for the claimants and respondent, testified that the road was dry.
Corporal G. B. Browning of the Department of Public Safety was notified of the accident at about 7:00 a.m. and arrived at the scene at approximately 7:20 a.m. He found no rocks in the road nor did he notice rocks in the ditch line on the cliff side of the road large enough to cause an accident. He stated that if the van struck a rock it probably pushed it over the embankment. Corporal Browning testified there were several gouge marks in the pavement which could have been caused by a rock. These marks were located two or three feet from the west side of the road. He found no skid marks leading up to the gouge marks. There were skid marks from the gouge marks to the edge of the pavement and in the dirt berm to the embankment for a distance of 135 feet.
Denzil Dare Lyons, in his post-trial deposition, testified that he removed falling rocks from the area. He further stated the road was not level but had “ups and downs” and that the road at the scene of the accident could be seen for a “couple of hundred feet”.
The law of the State of West Virginia is well established that the State is not an insurer of the user of its highways, and this Court has so held on many occasions. Parsons v. State Road Commission, 8 Ct. Cl. 35, Adkins V. Sims, 130 W.Va. 645, 46 S.E. 2d 81.
The record in this case however discloses that for many years, in the area where the accident occurred, rocks were known to fall from the cliff side onto the road. The respondent had removed rocks many times that had fallen in this area. It is apparent that the *223 accident occurred in a falling rock area along which were located falling rock signs to warn those using the highway.
James Vincent Coste, a resident of Hinton, West Virginia, near the scene of the accident, testified that the rock fall condition had existed since the road was constructed either during or after World War II. He took pictures of rock slides prior to the accident involved in this claim and mailed them to the respondent. The Hinton Daily News had carried articles and pictures of rock slides prior to this accident.
A letter from William S. Ritchie in response to a complaint states:
“Our district office at Lewisburg advises that the Summers County forces are aware of the potential hazards along this section of roadway and are constantly on the watch for fallen rocks. ... We have further been advised that plans are being made to scale and shelve the slopes. ...”
Other people of the community had complained to representatives of the respondent of the inherent dangers caused by the continued rock falls in the area of the accident. The testimony by witnesses for both the claimants and the respondent leave no doubt that the area in which the accident occurred was a rock fall area known to the respondent In fact, one of the respondent’s witnesses testified that it was part of his responsibilities to watch for slides during the summer months while driving along this particular road to and from work. The evidence did not establish that the respondent had knowledge of the particular rock or rock slide responsible for this accident, but for the respondent to do nothing more than to merely patrol the road, known for many years to be hazardouu, is not sufficient to remove a known danger.
This Court in finding the State Road Commission liable in the case of Varner’s Adm’n. v. State Road Comm’n., 8 Ct. Cl. 119 stated:
“.. .When the State Road Commission knows or should know that an unusually dangerous condition exists, there is a duty to inspect and to correct the condition within the limits of funds appropriated by the Legislature for maintenance purposes. There is substantial evidence in this case of a dangerous condition and no showing that the respondent did anything beyond the routine cleaning of ditches and the removal of rocks which previously had fallen on the highway.”
*224 A careful review of the facts as established by the evidence indicates to the Court that the negligence of the claimant, William Joseph Smith, contributed to the cause of the accident. The record reveals that the driver knew that the scene of the accident was a falling rock area and that falling rock signs were posted along the highway. The driver further admitted that an oncoming car had blinked its lights apparently to warn of danger ahead; that he continued his speed at approximately 45 to 55 miles per hour while he checked his instrument panel and looked behind at the passing car to determine if anything was wrong. This period of time consumed several seconds. When the driver looked back at the road, he was confronted with a rock immediately in front of the van. If the driver had kept the van under proper control and speed, he could have seen the rock and could gone around it in the two lane highway with no other vehicles approaching. The negligence of the claimant, William Joseph Smith, was such as to bar him from recovery.
However, the negligence of the driver of a vehicle cannot be imputed to the passenger therein, when the passenger is free, from personal negligence and has no control over the driver. C. H. Gilmer v. C. C. Janutolo, Et al, 116 W.Va. 501, 182 S.E. 572; Pierce v. B & O R.R. Co., 99 W.Va. 333, 128 S.E. 832. The claimant, Christine Ambrosone Smith, was asleep at the time of the accident and free from negligence.
After considering all of the testimony and evidence, this Court finds the claimant, William Joseph Smith, is barred from recovery and his claim is disallowed. The Court further finds that the claimant, Christine Ambrosone Smith, is entitled to an award. As a result of the accident, she incurred expenses and property damage totalling $7,286.55, and in view of the pain and suffering and loss of wages she is entitled to a total award of $16,000.00.
Award of $16,000.00.