WALLACE, JUDGE:
The claimant, Arnold W. Bolyard, seeks compensation for the total loss of his automobile, which occurred when he collided with a large boulder on U.S. Route 119 between Clendenin and Elkview, West Virginia.
The accident happened at approximately 5:00 a.m. on the morning of August 15, 1977. The claimant was driving in the southbound lane of the highway in his 1969 Oldsmobile Delta 88 automobile at about 35 mph. It was dark and moderately foggy. The road was dry and relatively straight. There was an automobile approaching from the opposite direction in the northbound lane. The claimant testified that he switched his *345 headlights from high to low beam, and, after the automobile passed, he switched back to the high beam, at which time he saw a boulder immediately ahead in the highway. He applied the brakes, skidded approximately 30 feet, and crashed into the boulder. The claimant further testified that he was told by members of a family living next to the highway that it was the practice of the local substation of the Department of ■Highways to supply the family with flares to warn motorists of rock slides.
Mr. Gary Huffman, a foreman employed by the respondent, testified that during his three-year tenure at the substation, he had no personal knowledge of any such procedure.
The section of Route 119 at which the accident took place is similar to stretches of highway throughout the State which are flanked by steep rock cliffs. Mr. Huffman, in his testimony, admitted that rock slides had occurred in the area, but there had been no notice of an impending rock fall. There was a “Falling Rock” sign posted approximately 100 yards north of the scene of the accident.
There is no evidence that the respondent knew or should have known of the existence of an unusually dangerous condition which would render a mere warning insufficient. Smith v. Dept. of Highways, 11 Ct. Cl. 221 (1977). It is apparent from the evidence that the boulder had fallen just prior to the accident. In fact, the claimant testified that he was “very positive” he was “the first car there.”
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). “As the State is not an insurer of the safety of those travelling on the public roads, anyone injured or who sustains damage must prove that the State has been negligent in order to render the State liable.” Hanson v. State Road Comm’n. 8 Ct. Cl. 100 (1970).
The record does not establish negligence on the part of the respondent, and, accordingly, the Court disallows the claim.
Claim disallowed.