RULEY, JUDGE:
This claim grows out of a single-vehicle accident which happened between 10:30 and 11:00 p.m. on April 4,1979, at a point upon W. Va. Route 10, near the village of Melissa in Cabell County, when the claimant drove his 1968 model Chevrolet Camaro automobile into collision with a huge boulder. The boulder was estimated to be 14 feet high and covered both traffic lanes of the *356 two-lane highway. It had fallen out of the hillside above the highway only a few minutes before the accident occurred, and a nearby resident who heard it fall had gone to the scene with a flashlight which he vainly used to try to flag down the claimant. The accident occurred in an area where rock falls were common, a circumstance known both by the claimant and respondent, and near which a “Falling Rock” sign was located. There was credible evidence from which the Court must infer that there were indications in the hillside, for a substantial time before the accident occurred, that a substantial rock fall was probable, a circumstance which the respondent should and would have known had its routine observations been reasonably effective. In that respect, the case is similar to Smith v. Department of Highways, 11 Ct. Cl. 221 (1977), and Varner, Admr. v. State Road Commission, 8 Ct. Cl. 119 (1970), and is distinguishable from Bolyard v. Department of Highways, 12 Ct. Cl. 344 (1979). In addition, there was some evidence that complaints about the dangerous condition of the hillside had been made to the respondent before the accident occurred. For those reasons, the Court concludes that the respondent was guilty of negligence proximately causing the accident.
The claimant testified that, as he approached the place where the accident occurred, he was traveling at about 35 miles per hour and was unable to recall whether the headlights of his automobile were on high beam or low beam. Respecting multiple beam headlights, West Virginia Code §17C-15-20 provides, in part:
* *
(a) There shall be an uppermost distribution of light, or composite beam, so aimed and of such intensity as to reveal persons and vehicles at a distance of at least three hundred and fifty feet ahead for all conditions of loading.
(b) There shall be a lowermost distribution of light, or composite beam, so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead;* * *”
Of course, the boulder was not a person or vehicle, and, though much larger, it may or may not have been as conspicuous but the Court is constrained to conclude that the claimant himself must have been devoting something less than a reasonable lookout to the highway ahead of his vehicle or was not maintaining it under *357 proper control, and, for that reason, concludes that he himself was guilty of negligence which proximatfely contributed, to the extent of 25 per cent, to cause the accident and his resulting injuries and damages.
Respecting property damage, it appears that the claimant’s vehicle had a fair market value of about $1,600.00 immediately before the accident, and $150.00 immediately afterward. He sustained a broken nose and multiple lacerations, bruises, and contusions for which he incurred medical expense aggregating $289.00 as follows: Cabell-Huntington Hospital, emergency room and pharmacy, 4-5-79, $39.00; x-rays, 4-6-79, $105.00; Radiology, Inc., x-rays, 4-5-79, $70.00; Ali A. Garmestani, M.D., reduction of fracture, nasal bones, 4-9-79, and office visit, 4-13-79, $75.00. He lost wages in the sum of $129.00 for two full days and 5.5 hours of a third day. Aside from relatively minor scars, he sustained no permanent injury. In view of all of the evidence, the Court determines the claimant’s damages to be $3,000.00, which sum must be reduced by 25 per cent to reflect his contributory negligence.
Award of $2,250.00.