PER CURIAM:
Claimant Edward E. Dilling was involved in an accident on July 18, 1979, at approximately 9:30 or 10:00 p.m. on Route *172 39 near St. Marys, West Virginia. Claimants contend that the accident was the result of negligence on the part of respondent’s employee in failing to properly park an endloader on the edge of Federal Ridge Road (State Route 39) such that the bucket of the endloader jutted into the travelled portion of the roadway. Claimants further allege that respondent’s employees were negligent in failing to place warning devices or signs to inform the travelling public of the presence of the endloader. As a result of the accident, the claimant Edward Dilling suffered personal injuries, and his 1979 Chevrolet pickup truck sustained damages in the sum of $2,639.24.
At the time of the accident, the claimant was driving upgrade into a curve. He testified that the head lights of a vehicle approaching from the opposite direction blinded him and that the pickup truck then struck the bucket of the endloader.
Sherwood Wince, an equipment operator for the respondent, testified that he had been operating the endloader on a construction project to set piling. His usual procedure was to park the endloader between two stacks of piling, as far off the roadway as possible, with the bucket dipped down. He had parked the endloader in this manner on the evening of the accident described herein. No flashing lights or warning signs were placed in the vicinity of the parked endloader.
Thomas Aubrey, claims investigator for the respondent, testified that he visited the accident site and took measurements of the width of Federal Ridge Road approximately where the endloader was parked. The gravel portion of the road measured 27 feet in width and the berm measured 11 feet in width.
From the record, the Court is of the opinion that the failure of the respondent to place a warning light to indicate the presence of the endloader was negligence. However, the Court finds that the claimant, in failing to appreciably slow down his truck when blinded by the lights of the oncoming vehicle, was himself guilty of negligence which proximately contributed, to the extent of 25 per cent, to cause the accident and his resulting injuries and damages. Adkins v. Department of Highways, 13 Ct.Cl. 355 (1981).
The claimant sustained a concussion, bruises, and a lacera *173 tion to his right leg for which he incurred medical expenses aggregating $691.90 as follows: Marietta Memorial Hospital, $513.66; Radiology Services, Inc., $110.40; Phillips Pharmacy, $12.84; and Larry B. Gale, M.D., $55.00. Liberty Mutual Insurance Company paid all of the medical expenses and all but the $100 deductible of the property damage. Claimant Edward Dilling’s injuries were not permanent in nature. In view of all of the evidence, the Court determines the damages to be $3,231.14 to Liberty Mutual Insurance Company, and $100.00 to claimants Edward E. and Jennifer Dilling, which sums must necessarily be reduced by 25 per cent to reflect the contributory negligence of claimant Edward E. Dilling.
Award to Liberty Mutual Insurance Company of $2,423.35.
Award to Edward E. and Jennifer Dilling of $75.00.