BAKER, JUDGE:
The claimants, James M. Cole and Oreda S. Cole, seek an award of $82,500.00 from the respondent, Division of Highways, for damages arising from a collision between an automobile and a rock slide along U.S. Route 119 in Kanawha County. The claimants allege that the respondent was aware of the potential for a rock slide due to road condition complaints and previous rock slides in the vicinity of the accident. The claimants also allege that the respondent's failure to act upon these complaints to eliminate the potential for rock slides was the proximate cause of the accident. The respondent contends that it had been unable to correct this area for the problem of rock slides because funds had not been available to perform the work necessary to eliminate the potential for rock slides. However, respondent had installed falling rock signs to warn motorists of the possibility of rock slides.
The evidence at the hearing of this claim on June 21, 1995, established that claimant's accident occurred on U. S. Route 119 approximately four-tenths of a mile south of county Route 57, also known as Blue Creek Road. At the location of the accident, U. S. Route 119 is a two-lane road with a black top surface. The northbound lane is twelve feet one inch wide and the southbound lane is twelve feet six inches wide. The berm adjacent to the northbound lane varies between seven and thirteen feet in width. The berm adjacent to the southbound lane varies between two and three feet in width. The pavement markings provide a broken yellow line for the northbound lane and a solid yellow line for the southbound lane. The line of sight for vehicles approaching the accident site from the south is two-tenths of a mile, and the line of sight is four-tenths of a mile for vehicles approaching from the north. There are several traffic signs located in the general vicinity of the accident. A rock fall sign, a slick road sign, and a speed zone ahead sign are located within a distance of one-tenth of a mile south of the accident location. Each sign is positioned to warn motorists traveling in the northbound lane.
On February 15, 190, at sometime after 3:00 a.m., Mr. Cole was driving north on U. S. Route 119. He was driving a 1987 Chevrolet Celebrity owned by his mother, Oreda S. Cole. He was taking his friend, Norman Buffington, home after they had eaten breakfast at the Country *16 Kitchen in Mink Shoals. Although Mr. Cole was familiar with U. S. Route 119, he had not driven in the particular area of the accident scene on Route 119 on a regular basis. On that same morning, at approximately 4:09 a.m., Deputy T. W. Shannon of the Kanawha County Sheriff's Department had received notice of a rock slide on U. S. Route 119. Deputy Shannon responded from the Clendenin area, and arrived at the location of the rock slide at 4:17 a.m. Weather conditions were clear and dry. Deputy Shannon parked his police cruiser across the road to block traffic. However, additional rocks began falling from the hillside, and he moved the police cruiser onto the berm of the road south of the rock slide area. According to Deputy Shannon, the police cruiser's flashing lights were on and it was parked along the edge of the northbound lane facing south. At approximately 4:22 a.m., while Deputy Shannon was removing flares from the trunk of his vehicle, he observed the headlights of the vehicle driven by Mr. Cole. He was approaching Deputy Shannon from the south. Deputy Shannon attempted to warn Mr. Cole by waving his flashlight at the vehicle several times, but the vehicle did not slow down. Mr. Cole drove past Deputy Shannon and into the rock slide where the vehicle struck a large boulder and rolled over. As a result of the collision, Mr. Buffington was killed, Mr. Cole was injured, and the vehicle was severely damaged.
The posted speed limit at the time and the location of the accident was 55 miles per hour, and Deputy Shannon estimated Mr. Cole was traveling 50 miles per hour. Mr. Cole testified that he slowed down to 40 miles per our as he approached the police cruiser. However, he continued to drive past the police cruiser because he thought the police had pulled someone over for a traffic violation. A road maintenance crew for the respondent arrived between 20 to 30 minutes after the accident, and began removing the rocks and debris from the road.
It is undisputed that rock slides have been continued to be a recurring problem along U. S. Route 119. Calvert Mitchell, an assistant county supervisor for the respondent, testified that there are several areas along U. S. Route 119 where rock slides occur. In addition, there are numerous rock fall signs along U. S. Route 119 including one near the location of the accident. Mr. Mitchell stated that a rock fall sign near the location of the accident has been in place for years and serves as a warning sign for northbound motorists.
The respondent's contention that funds were not available to correct the rock slide problem along U.S. Route 119 was supported by Carl Thompson, a district engineer for the respondent. He described the process counties were required to follow to obtain funds to correct rock slide areas at the time of the accident. Mr. Thompson testified that during February of 1990, the districts and counties did not have any money set aside for repairing rock slide areas. In order to obtain funds, counties were required to submit requests for corrections to their district office. The district office would determine the priorities for all of the requests and submit them to the central office. Mr. Thompson added that, as a practical matter, some projects would receive funding and others would not.
The basic approach applied by this Court when evaluating a claim resulting from a rock slide is stated in Hammond v. Dept. of Highways, 11 Ct. 234 (1977). In Hammond, the Court held that the State is not a guarantor of the safety of travelers on, its highways, but is has a duty to *17 exercise reasonable care while maintaining roads under all of the circumstances. Under this standard, a claimant must prove that the respondent had notice of the dangerous condition and, further, that respondent had a reasonable opportunity to correct the dangerous condition in order to establish negligence on the part of the respondent.
The Court has addressed the issues of what constitutes notice and a reasonable opportunity to repair with respect to rock slide accidents in Smith v. Dept. of Highways, 11 Ct. Cl. 221 (1977) and Varner v. State Road Commission, 8 Ct. Cl. 119 (1970). In each of these claims the Court determined that the respondent had notice of the potential for rock slides through its knowledge of other rock slides near the accident locations and numerous complaints about the driving conditions. However, the respondent did not make any attempts to correct the rock slide problem, and merely cleaned the ditches and removed the fallen rocks on a routine basis. In finding the respondent liable in Smith and Varner, the Court stated that "when the [respondent]...knows or should have known that an unusually dangerous condition exists, there is a duty to inspect and to correct the condition within the limits of the funds appropriated by the Legislature..." (emphasis added).
In the instant claim, the record reveals a history of sporadic rock slides in the general vicinity where the accident occurred. The evidence also indicates that the respondent was aware of this problem, but was unable to eliminate the danger of rock slides due to the lack of funds to perform the work. While the Court is not unmindful of the decisions in Smith and Varner, the evidence in this claim reveals that the respondent had a process of assigning priorities to rock slide locations to establish an efficient plan to correct problem areas with the limited funds available. Although this accident was unfortunate, the essence of the respondent's duty to exercise reasonable care with respect to road maintenance precludes the idea that the decision to repair one area rather than another is an act of negligence when only limited funds are available. Moreover, as a practical ’ matter, it is financially impossible for the respondent to bear the burden of having to correct immediately every area in West Virginia where there is a potential for rock slides.
In West Virginia, the mountainous terrain and numerous rural communities require that roads be constructed through areas which will naturally experience rock slides. To reduce the risk of injury to motorists, the respondent maintains rock fall warning signs at numerous locations across the State. Although these signs do not correct the underlying problem, they do serve as a warning to motorists until the funds can be obtained to correct the rock slide problem. Therefore, in the absence of evidence demonstrating an abuse of discretion in determining which rock slide areas should be corrected, the Court finds that the respondent's actions did not breach its duty to exercise reasonable care in this claim.
After a careful consideration of the evidence contained in the record, the Court is not persuaded that the claimant has established by a preponderance of the evidence that the respondent was negligent. In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
*18 Claim disallowed.