PER CURIAM:
The claimant, Denzil s. Alkire, seeks an award of $7,500.00 form the respondent, Division of Highways, for damage to his 1987 International Truck. The damage occurred on May 18, 1996, at 12:30 a.m., while the claimant was driving south on Interstate 79 near the Clendenin exit. The weather was foggy, and the claimant was traveling sixty miles per hour. During the drive, the claimant swerved into the left lane to avoid a rock in the right lane; however, his vehicle struck a large rock in the left lane. The claimant testified that both rocks were the size of a bushel basket.
As a result of the collision, the claimant’s vehicle sustained damage to the radiator, frame, and cab. The estimate cost to repair the vehicle totaled $13,933.29; however, the claimant testified that the replacement cost of the vehicle was $7,500.00.
The respondent’s field office at Amma was notified about the rocks at 12:13 a.m. Phillip Morris, an equipment operator for the respondent, was immediately dispatched to remove the rocks. Mr. Morris testified that the road was cleared by approximately 1:00 a.m. According to Mr. Morris, falling rock signs were posted on both sides of the south bound lanes where the rock fall incident occurred.
The mountainous terrain of West Virginia requires the respondent to construct highways through areas which will occasionally experience falling rocks. Therefore, the Court has held on numerous occasions that the unexplained falling of a rock or boulder onto a highway is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1986); Hatfield vs. Dept. of Highways, 15 Ct. Cl. 168 (1984); and Hammond vs. Dept. of Highways, 11 Ct. Cl. 234 (1977). In order to establish liability on behalf of the respondent, the evidence must establish that the respondent had notice of the dangerous condition posing the threat of injury to person or property and a reasonable time to take suitable action to protect motorists.
The evidence presented in this claim reveals that the respondent was not aware of the rocks *180 until shortly before the claimant’s accident. Once the respondent received notice of the rocks, a person was dispatched to remove the rocks from the highway. The total time lapse from when the respondent received notice of the rocks until the rocks were removed was less than sixty minutes. Based on these reasons, the Court finds that the evidence does not establish any negligence on behalf of the respondent. Therefore, the claim must be denied.
Claim disallowed.