PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of a rock fall while traveling northbound on U. S. 250, also known as Route 2, north of Glendale in the “Narrows” area. U. S. 250 is a road maintained by respondent in Marshall County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
*82 The incident giving rise to this claim occurred on March 16, 1998, at approximately 9:15p.m. On the cold night in question, claimant was traveling northbound on U. S. 250 also known as Route 2, north of Glendale in an area locally referred to as the “Narrows.” U. S. 250 is a dimly lighted two lane road that is marked as a “falling rock” area with a speed limit of fifty miles per hour. Once a week, claimant travels U. S. 250 to attend a landscaping class taught at John Marshall High School. Earlier in the evening, claimant had been on U. S. 250 and the road was clear of rocks or rock debris. Claimant proceeded along U. S. 250 with the aid of the 1989 Chevrolet Beretta’s headlights at a speed of about fifty miles per hour. While there was no oncoming traffic on the road, claimant knew that several of her classmates were traveling behind her vehicle. As claimant came around a curve, she saw rocks and debris about thirty feet away, coming towards her vehicle. Claimant did not have enough time to avoid the rock fall and her vehicle was struck by rocks as well as rock debris.
After the incident, claimant’s vehicle began to make noises and she decided to go to a local convenience store in order to telephone her husband, an associate engineer technician for respondent in District 6. At that moment, claimant’s husband happened to be passing by and stopped to see if assistance was needed. Claimant’s husband did the necessary repairs so that the vehicle could be driven to their residence. Afterwards, claimant’s husband reported the incident to Wheeling Tunnel and was informed that a grader had been dispatched because of another incident.
The damage sustained to claimant’s vehicle was estimated between $ 1,150.50 and $1,652.80. Since the vehicle was insured only under a liability insurance policy, there was no insurance coverage for this incident. Claimant’s husband made further repairs to the vehicle, but no receipts were kept on that work. However, the vehicle was still in need of major repairs. In April of 1998, the vehicle was used as a trade-in on a new vehicle. Claimant’s husband asserted that a loss was taken for the trade-in because of the incident. As a trade-in, claimant received $1,500.00 for the damaged 1989 Chevrolet Beretta with 100,000 miles. The value of the vehicle before the incident was estimated to be about $2,800.00 to $3,000.00.
Claimant alleges that the absence of positive barriers on U. S. 250 in the “Narrows” stretch of highway constitutes negligence. Respondent should have installed positive barriers on U. S. 250 in the “Narrows” to protect the traveling public from the frequent rock falls that occur there. If positive barriers would have been installed, this incident would not have occurred.
The position of respondent was that it did not have notice of the rocks and rock debris on U.S. 250. Respondent admitted that the area in question was a well known “rock fall” area, but argued that the area was not significantly hazardous to the traveling public. The area has been clearly marked to protect the traveling public. Two federal *83 standard size signs, one of which is marked “Falling Rock” and the other on the same pole is marked “Next 1 Mi,” were erected in the area in question to notify the traveling public of potential problems. In addition, overhead lights were installed on U. S. 250 in 1976. This area is regularly patrolled and on the night in question, a grader was immediately dispatched to the area to clear the rocks and rock debris. According to respondent’s daily records, the grader remained at the scene of the incident for three hours. Before this time, respondent asserted that there was no prior notice to respondent of any potential rock falls in the area.
The general rule of this Court has been that in claims of this nature, a claimant must positively demonstrate that respondent had notice or constructive notice of a dangerous condition posing a threat of injury to property, such as falling rocks and rock debris. Mitchell vs. Division of Highways, 21 Ct. Cl. 91 (1996); Coburn vs. Division of Highways, 16 Ct. Cl. 68 (1986); Hammond vs. Division of Highways, 11 Ct. Cl. 234 (1977). Besides respondent’s notice of the dangerous condition, the evidence must also establish t hat respondent h ad a r easonable t ime tot ake s uitable a ction top rotect motorists. Alkire vs. Division of Highways, 21 Ct. Cl. 179 (1997). Knowledge of other rock falls in the area near an incident can be sufficient to give respondent notice of a hazard to the traveling public. Cole vs. Division of Highways, 21 Ct. Cl. 15 (1995).
In the instant claim, the Court is of the opinion that this portion of U. S. 250 in the “Narrows” is a hazard to the traveling public. Respondent has known since 1941 that this area is notorious for potential rock falls. Dunn vs. Division of Highways, 19 Ct. Cl. 163 (1992). This portion of road is such a hazard to the traveling public that warning signs and regular patrols are not sufficient to protect the traveling public in this section of highway. This Court in finding the State Road Commissioner liable in the claim Varner’s Adm’n v. State Road Comm'n, stated:
“[Wjhen the State Road Commissioner knows or should know that an unusually dangerous condition exits, there is a duty to inspect and to correct the condition within the limits of the funds appropriated by the Legislature for maintenance purposes.”[1]
Id., 8 Ct. Cl. 119, 122 (1970); See also Cole, Supra; Smith vs. Division of Highways, 11 Ct. Cl. 221 (1997).
Just last year, this Court heard two separate claims regarding the Narrows on U. S. 250 in Marshall County. See Peck & Peck vs. Division of Highways (CC-97-164 *84 & CC-97-375, unpublished opinion issued May 29, 1998); Dimmick & Dimmick vs. Division of Highways (CC-96-561, unpublished opinion issued May 29,1999). Again this year, this Court heard this claim and another, Williams vs. Division of Highways (CC-99-114, unpublished opinion), regarding the same area in question. In many of the claims heard in the past by the Court, negligence on the part of the respondent was noted by the Court and awards were made. The notoriety of this particular area of U. S. 250 cannot be ignored by this Court. In Dimmick, one of respondent’s employees made the analogy that driving on U. S. 250 in the Narrows in Marshall County was similar to playing “Russian Roulette.” See Id. However, even after all of the previous incidents, no remedial measures have been taken by respondent. Frankly, the Court is at a loss as to why respondent refuses to eradicate a known dangerous condition. Routine patrols do not address the problem. The respondent is on notice of a hazardous condition which poses a potential danger to the traveling public. Therefore, the Court concludes that the conduct of respondent constitutes negligence.
The Court is of the opinion that the evidence adduced at the September 16, 1999, hearing demonstrated that a hazardous condition existed at the time of claimant’s incident. There was no showing that respondent did anything beyond the routine patrolling of U. S. 250. Consequently, there is sufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does make an award to the claimant in the amount of $1,550.00, the blue book value of claimant’s vehicle.
Award of $1,550.00.

5 Pursuant to West Virginia Code Sections 17-2A-1 and 5F-2-1, the Division of Highways, formerly the office of State Road Commissioner, was transferred to, and administratively attached to, the Department of Transportation by the Executive Reorganization Act of 1989.