PER CURIAM:
Claimant brought two separate claims for vehicle damage which occurred as a result of highway debris being thrown onto her parked vehicle as it sat in front of her residence on W.Va. Route 27, also known as Washington Pike, in Wellsburg, Brooke County. W.Va. Route 27 is a road maintained by respondent in Brooke County. The Court is of the opinion to make an award in these claims for the reasons more fully stated below.
W.Va. Route 27, Washington Pike as it is locally known, is a high priority two lane road in Brooke County. The width of W.Va. Route 27 is twenty-one to twenty-three feet wide and there is a speed limit of forty-five miles per hour. Along the road, the ten foot berm is used for parking. The topographical outlay of W.Va. Route 27 creates a slope with sides. This topographical feature allows water runoff on to the roadway, which creates a serious drainage problem in the area. In addition, heavy truck traffic is frequently on the road. The trucks use W.Va. Route 27 as a shortcut to get to the Interstate. The combination of the drainage problem and the truck traffic keep W.Va. Route 27, Washington Pike, in a constant state of disrepair. Due to insufficient paving funds, W.Va. Route 27 has not been paved since 1987. Respondent in Brooke County repairs and sweeps the road on a regular basis. However, the road continues to fall into disrepair. As a result, the road is filled with numerous holes and scattered highway debris. When truck traffic proceeds through the area, trucks hit the holes and water, kicking up water and highway debris onto the berm areas.
The incident giving rise to the first claim occurred on January 27, 1998. Claimant’s 1990 four-door Corsica was parked facing west on the berm of W.Va. Route 27 which is adjacent to her residence. Claimant is limited to parking in this area in front of her residence because of the size of the road and the drainage problem. At about 6:30 a.m., a speeding truck passed by, throwing asphalt debris onto the vehicle’s front windshield, cracking it. The resulting loss to claimant for replacement of the front windshield was in the amount of $222.35. Claimant reported the incident to her motor vehicle insurance carrier and the deductible feature in the sum of $100.00 was paid by claimant in order to get the vehicle’s front windshield repaired.
The incident giving rise to the second claim occurred on February 5,1998. On this occasion, claimant’s vehicle was parked facing east outside of her residence on W.Va. Route 27. Sometime during the night, a vehicle passed by throwing asphalt debris onto the vehicle, breaking the back windshield. Upon discovering the broken back windshield, claimant’s fiancé, Blaine J. Pannett, Jr., telephoned the Brooke County Sheriffs Department. A member of the Brooke County Sheriffs Department investigated the incident and filed a report concluding that a vehicle had thrown highway debris onto claimant’s vehicle. The resulting loss to claimant for replacement of the *89 back windshield was estimated in the amount of$394.88. As aforementioned, claimant has a deductible feature in the sum of $100.00 in her motor vehicle insurance policy coverage. Although, this incident was not turned over to claimant’s insurance carrier, her recovery is limited to the amount of her deductible.
In order to establish liability on behalf of respondent, the evidence must establish that respondent had notice of a dangerous condition posing the threat of injury to property and a reasonable time to take suitable action to protect motorists. Alkire vs. Division of Highways, 21 Ct. Cl. 179 (1997); Mitchell vs. Division of Highways, 21 Ct. Cl. 91 (1996); Hammond vs. Division of Highways, 11 Ct. Cl. 234 (1977).
In the present claim, the Court is of the opinion that W.Va. Route 27 or Washington Pike, poses a hazard not only to the traveling public but also to claimant. Respondent knows that this area has a serious drainage and traffic problem. The regular maintenance procedures of respondent are no longer sufficient to maintain this roadway. The actions taken by respondent are clearly insufficient to rectify the hazardous roadway. This Court in finding the State Road Commissioner liable in the claim Varner’s Adm’n vs. State Road Comm’n, stated:
“[W]hen the State Road Commissioner knows or should know that an unusually dangerous condition exists, there is a duty to inspect and to correct the condition within the limits of the funds appropriated by the Legislature for maintenance purposes.”[1]
Id., 8 Ct. Cl. 119, 122 (1970); See also Cole vs. Division of Highways, 21 Ct. Cl. 15 (1995); Smith vs. Division of Highways, 11 Ct. Cl. 221 (1997). Respondent has breached this duty owed to the traveling public. The evidence adduced at the September 16, 1999, hearing demonstrated that a hazardous condition of W.Va. Route 27 existed at the time of the incidents to claimant’s vehicle and that respondent did nothing beyond the routine repair and sweeping of West Virginia 27, Washington Pike, in Wellsburg, Brooke County. As a result, the Court is of the opinion that respondent was negligent in its maintenance of W.Va. Route 27 for which claimant may recover for the damages sustained to her vehicle.
In view of the foregoing, the Court is of the opinion to and does make an award *90 to the claimant in the amount of her deductible feature, $200.00, for the two claims.
Award of $200.00

 Pursuant to West Virginia Code Sections 17-2A-1 and 5F-2-1, the Division of Highways, formerly the office of State Road Commissioner, was transferred to and administratively attached to the Department of Transportation by the Executive Reorganization Act of 1989.