PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking rocks while traveling northbound on U.S. 250, also known as Route 2, five miles from McMechen in the “Narrows”. U.S. 250 is a road maintained by respondent in Marshall County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 24, 1998, at approximately 9:00 to 9:30 p.m. On the rainy and foggy night in question, claimant was traveling northbound on U.S. 250 five miles from McMechen in an area locally referred to as the “Narrows” in Marshall County. U.S. 250 is a dimly lit two lane road that is marked as a “falling rock” area with a speed limit of fifty miles per hour. Earlier in the evening, claimant had traveled to Moundsville in order to pick up her nephew who was employed at the Moundsville Kentucky Fried Chicken. Claimant carefully proceeded along U.S. 250 with the aid of the 1998 Geo Prism’s headlights at a speed of about forty miles per hour. There was no other traffic on the road. Suddenly, claimant noticed rocks in both lanes of the road. Claimant drove around the rocks in the right lane and then proceeded around rocks in the left lane. After driving back into the right lane, claimant’s vehicle struck a rock, damaging the left front tire and wheel. While claimant saw the rocks on the road, she could not identify the exact rocks that she struck with her vehicle. The incident was later reported to the police, but no *110 report was issued.
After the incident, claimant’s vehicle began to make noises and she took the vehicle to the dealership garage for repairs. The damaged sustained to claimant’s vehicle was in the amount of $315.80. While claimant had a deductible feature in her motor vehicle insurance coverage policy, the amount of the deductible was $500.00. Thus, claimant was responsible for the damage sustained to the vehicle.
The position of respondent was that it did not have notice of the rocks and rock debris on U.S. 250. Respondent admitted that the area in question was a well known “rock fall” area, but argued that the area was not significantly hazardous to the traveling public. The areahas been clearly marked to protect the traveling public. Two federal standard size signs, marked “Notice Falling Rock Next 1 !4 Mi” were erected in the area in question to notify the traveling public of potential problems. In addition, overhead lights were installed on U.S. 250 in 1976. This area is regularly patrolled and on the night in question, the weather was below zero and respondent was conducting snow removal and ice control. Respondent then received information regarding the incident from a person other than claimant. According to respondent’s daily records, emergency service was dispatched to the site in order to remove the rocks. Before this time, respondent asserted that there was no prior notice to respondent of any rocks on U.S. 250.
The general rule of this Court has been that in claims of this nature, a claimant must positively demonstrate that respondent had notice or constructive notice of a dangerous condition posing a threat of injury to property, such as falling rocks and rock debris. Mitchell vs. Division of Highways, 21 Ct. Cl. 91 (1996); Coburn vs. Division of Highways, 16 Ct. Cl. 68 (1986); Hammond vs. Division of Highways, 11 Ct. Cl. 234 (1977). Besides respondent’s notice of the dangerous condition, the evidence must also establish that respondent had a reasonable time to take suitable action to protect motorists. Alkire vs. Division of Highways, 21 Ct. Cl. 179(1997). Knowledge of other rock falls in the area near an incident can be sufficient to give respondent notice of a hazard to the traveling public. Cole vs. Division of Highways, 21 Ct. Cl. 15 (1995).
In the instant claim, the Court is of the opinion that this portion of U.S. 250 in the “Narrows” is a hazard to the traveling public. Respondent has known since 1941 that this area is notorious for potential rock falls. Dunn vs. Division of Highways, 19 Ct. Cl. 163 (1992). This portion of road is such a hazard to the traveling public that warning signs and regular patrols are not sufficient to protect the traveling public on this section of highway. This Court in finding the State Road Commissioner liable in the claim Varner’s Adm’n v. State Road Comm’n, stated:
“[Wjhen the State Road Commissioner knows or should know that an unusually dangerous condition exits, there is a duty to inspect and to *111 correct the condition within the limits of the funds appropriated by the Legislature for maintenance purposes.”[1]
Id., 8 Ct. Cl. 119, 122 (1970); See also Cole, Supra; Smith vs. Division of Highways, 11 Ct. Cl. 221 (1997).
Just last year, this Court heard two separate claims regarding the “Narrows” area on U.S. 250 in Marshall County. See Peck & Peck vs. Division of Highways (CC-97-164 & CC-97-375, unpublished opinion issued May29,1998); Dimmick & Dimmick vs. Division of Highways (CC-96-561, unpublished opinion issued May 29, 1999). Again this year, this Court heard this claim and another, Hundagen vs. Division of Highways (CC-98-303, unpublished opinion), regarding the same area in question. In many of the claims heard in the past by the Court, negligence on the part of the respondent was noted by the Court and awards were made. The notoriety of this particular area of U.S. 250 cannot be ignored by this Court. In Dimmick, one of respondent’s employees made the analogy that driving on U.S. 250 in the “Narrows” in Marshall County was similar to playing “Russian Roulette.” See Id. However, even after all of the previous incidents, no remedial measures have been taken by respondent. Routine patrols do not address the problem. Frankly, the Court is at a loss as to why respondent refuses to remedy a unique and dangerous condition. The respondent is on notice of a hazardous condition which poses potential danger to the traveling public. Therefore, the Court concludes that the conduct of respondent constitutes negligence.
The Court is of the opinion that the evidence adduced at the September 16, 1999, hearing demonstrated that a hazardous condition existed at the time of claimant’s incident. There was no showing that respondent did anything beyond the routine patrolling of U.S. 250. Consequently, there is sufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does make an award to the claimant in the amount of $315.80.
Award of $315.80.

 Pursuant to West Virginia Code Sections 17-2A-1 and 5F-2-1, the Division of Highways, formerly the office of State Road Commissioner, was transferred to, and administratively attached to, the Department of Transportation by the Executive Reorganization Act of 1989.