PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle was struck by a falling rock while claimant Gathalee Gale Copen was *273 traveling northbound on Route 20 near Hinton. At this location, Route 20 is maintained by respondent in Summers County. The Court is of the opinion to deny this claim for the reasons more folly set forth below.
The incident giving rise to this claim occurred on March 18, 2000 at approximately 11:00 a.m. Claimant Gathalee Gale Copen was traveling northbound on Route 20 in their 1989 Buick Park Avenue at a speed of about sixty miles per hour. She was proceeding from the Summers County Hospital towards her residence in Charmco. At this location, Route 20 is a first priority, two-lane road with double yellow lines indicating the center of the road surface and white lines indicating the edge of the pavement. The road has two twenty foot lanes and two to six foot berms. Along this portion of road, there is a “Falling Rock” sign on the side of the road in each direction of travel. Claimant testified that she travels this road regularly and did not recall observing any “Falling Rock” signs along the road. As claimant drove her vehicle on the road, a rock fell from the embankment, striking the vehicle and then bouncing into a ditch along the side of the road. The rock was about one to one and one-half feet in diameter. After the incident, claimant maneuvered the vehicle to the side of the road. Charles Cales, who was following behind claimant in another vehicle, witnessed the incident and stopped to assist her. The impact damaged the front of the vehicle. The sustained damage was estimated in the amount of $750.48.
The position of respondent is that it did not have notice of a rockfall on Route 20 in Summers County. According to Highway Administrator Billy Joe Lilly, this portion of road is a known rockfall area and warning signs have been in place for about twelve years. Prior to this incident, respondent did not have any report of a rockfall in the area.
The Court has consistently held that the unexplained falling of rock or rock debris on the road surface is insufficient to justify an award. Mitchell vs. Division of Highways, 21 Ct. Cl. 91 (1996); Hammond vs. Dept. of Highways, 11 Ct. Cl. 234 (1977). In order to establish liability on behalf of respondent, the evidence must establish that respondent had notice of the dangerous condition posing a threat of injury to property and a reasonable time to take suitable action to protect motorists. Alkire vs. Division of Highways, 21 Ct. Cl. 179 (1997).
In this claim, the evidence failed to establish that respondent had not taken adequate measures to protect the safety of the traveling public on Route 20 in Summers County. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.