PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle was struck by a rock while claimant Mary Roy and her uncle were traveling westbound on Route 33 outside Elkins in rainy weather. At this location, Route 33 is maintained by respondent in Randolph County. The Court is of the opinion to deny this claim for the reasons more folly set forth below.
The incident giving rise to this claim occurred on November 2, 1999. On the day in question, claimant Mary Roy and her uncle were traveling westbound on Route 33, outside Elkins toward Norton, in claimants’ 1996 Ford Contour. Ms. Roy testified that she frequently travels this portion of road and she was not aware of any “Falling Rock” signs posted along the side of the road. At this location, Route 33 is a first priority road with a width of twenty-two to twenty-three feet and shoulders two to three feet in width. The north side of Route 33 is a hillside, locally known as “fossil park,” and is a known rock-fall area. Along the road at this location, respondent has installed “Falling Rock” signs in each direction before travelers enter this area. The sign to the east of the accident scene is about one-quarter mile from the location in question and claimant Maiy Roy would have passed the sign. These signs were installed in May of 1994. They are about fourteen feet from the edge of the pavement. As Ms. Roy drove the vehicle along the road, a rock fell from the hillside, bounced off a ledge and into the road, striking the vehicle. Ms. Roy immediately notified the local State Police Detachment about the incident. The vehicle sustained damage in excess of the $100.00 deductible feature in their motor vehicle insurance policy and claimants had to pay for a rental vehicle until the repairs on their vehicle were completed. Neither Ms. Roy nor her uncle suffered a personal injury in the incident. In accordance with the Court’s decision in Summerville, et al. vs. Division of Highways, any recovery would be limited to the amount of their deductible feature, plus any other out of pocket expenses. See Id., 18 Ct. Cl. 110 (1991). Also, Ms. Roy claims $500.00 for pain and suffering due to emotional distress caused by this incident.
The position of respondent was that it did not have notice regarding a rockfall o n R oute 33 in R andolph C ounty. A ccording t o A ssistant S upervisor L ewis Barry Gardner, the location in question is a known rock fall area and respondent had installed signs to warn the traveling public. Further, respondent did not receive any information regarding this incident.
The Court has consistently held that the unexplained falling of rock or rock debris on the road surface is insufficient to justify an award. Mitchell vs. Division of Highways, 21 Ct. Cl. 91 (1996); Hammond vs. Dept. of Highways, 11 Ct. Cl. 234 (1977). In order to establish liability on behalf of respondent, the evidence must *297 establish that respondent had notice of the dangerous condition posing the threat of injury to property and a reasonable time to take suitable action to protect motorists. Alkire vs. Division of Highways, 21 Ct. Cl. 179 (1997).
The evidence failed to establish that respondent had not taken adequate measures to assure the safety of the traveling public while traveling on Route 33 in Randolph County. While the Court is sympathetic to claimants’ plight, the fact remains that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.