PER CURIAM:
Claimants brought this action for damage to their vehicle which occurred when claimant Deborah Hisam was operating their vehicle on State Route 2 near Sistersville in Tyler County and a large rock fell from a hillside and struck their vehicle. Respondent was responsible at all times herein for the maintenance of State Route 2 in Tyler County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this clahn occurred on September 1, 2002, at approximately 2:20 p.m. Claimant Deborah Hisam was driving a 1998 Pontiac Trans Sport. Claimants’ son was the front seat passenger and their daughter and her friend were seated in the back seat. Mrs. Hisam was traveling north on State Route 2 towards New Martinsville. State Route 2 at this location is a blacktop, two-lane road. According to Mrs. Hisam, there is a three to four foot berm between the edge of the road and the rocky hillside, which is on the right side of the northbound lane of travel. A river is on the left side of the northbound lane. Mrs. Hisam stated that the road surface was dry and the weather was clear. She was driving just north of Sistersville when suddenly and without warning she saw a large amount of dirt falling from the hillside onto the vehicle. This was immediately followed by a large rock which struck the vehicle. She stated that the rock was a “four wheeler” sized “boulder” and that it struck the front passenger side of the vehicle causing damage. In addition, the passenger side window was knocked out and the front of the vehicle suffered damage as well. Fortunately, there were no personal injuries to claimant or her passengers. Mrs. Hisam testified that she did not see the rock until it struck the vehicle, and that she had no time to react to avoid the rock. She also testified that the last time she traveled this portion of road was approximately one week prior to this incident. Further, she stated that “every time” she goes by this area she has observed rocks along the side of the road which she believes were pushed off the road at various times. According to Mrs. Hisam, there are frequent rock slides along State Route 2 for miles. Claimants have full insurance coverage on this vehicle which covered all this damage but for $250.00, the deductible portion of their insurance.
Claimants assert that respondent’s knew or should have known that there was a rock fall hazard at this location and it should have taken adequate measures to prevent the rocks from reaching the road.
Respondent contends that it had no notice of this rock fall and that it had erected *48 “Falling Rock” warning signs near the location of this incident to warn the traveling public.
Bradley Crawford, the County Highway Administrator II for Tyler County at the time of this incident, is responsible for overseeing all road maintenance in Tyler County including the portion of State Route 2 at issue in this claim. Mr. Crawford is familiar with the location of this incident. He testified that State Route 2 at this location is a two-lane road with a berm that varies from three feet to eight feet at particular locations. He also described this area as a known rock fall location. According to Mr. Crawford, respondent has erected “Falling Rock” warning signs near this location to warn the traveling public. He testified that there is one warning sign just north of Sistersville for the northbound traffic and another warning sign is located approximately one mile north of it for southbound traffic. He also stated that the two signs have been present for several years. Further, he stated that the northbound warning sign is just south of the location of this incident, and that he is certain that Mrs. Hisam would have driven past it on the date of this incident. In addition, Mr. Crawford testified that respondent had no prior notice or warning about this rock fall and it responded to the scene as soon as it received notice and cleared the rocks and debris from the road.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). The Court has consistently held that the unexplained falling of a rock or rock debris on the road surface is insufficient to justify an award. Mitchell v. Division of Highways, 21 Ct. Cl. 91 (1996); Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977). In order to establish liability on behalf of respondent, the evidence must establish that respondent had notice of the dangerous condition posing a threat of inj ury to property and a reasonable amount of time to take suitable action to protect motorists. Alkire v. Division of Highways, 21 Ct. Cl. 179 (1997).
In the present claim, claimants failed to establish that respondent did not take adequate measures to protect the safety of the traveling public at the location of this incident on State Route 2. Respondent had erected “Falling Rock” warning signs to warn the traveling public of the potential of rock falls at this location, and respondent responded to the scene in a timely fashion to clear the road. The evidence also established that Mrs. Hisam was aware of rock falls in the area and that she must have driven past the warning sign that was located prior to the accident site. While the Court is sympathetic to claimants’ plight, there is no evidence of negligence on the part of respondent upon which to base an award.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.