PER CURIAM:
Claimant brought this action for damage to his vehicle which occurred when he was traveling south on U.S. Route 250 near Fairmont, Marion County, and the vehicle was struck by a large rock. Respondent was responsible at all times herein for the maintenance of U.S. Route 250 in Marion County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on February 1, 2003, at approximately 5:00 p.m. Claimant was traveling southbound on U.S. Route 250 from Fairmont to South Fairmont in his 1998 C24 Chevrolet Cavalier. There was a light misty rain. It was still daylight and claimant could see the road without the use of his *83 headlights. U.S. Route 250 at this location is a two-lane, asphalt highway with double yellow center lines and white lines on the edges. For southbound traffic there is guard rail and a narrow berm on the left side of the road and the Tygart River is below. On the northbound side of the road there is a rock wall approximately one hundred feet high and a berm approximately ten to twelve feet wide. Claimant was traveling with his wife and children as passengers in the car. He estimates that he was traveling forty to forty-five miles per hour as he proceeded toward South Fairmont. Claimant was approximately one-quarter of a mile past Mary Lou Retton Drive when suddenly he saw numerous rocks falling off the rock cliff to his right. He slowed down and glanced in his real- view mirror to make sure the long line of traffic behind him was not going to strike his vehicle. He looked to the front again and saw a large rock fall over the hood of the vehicle and lodge underneath his vehicle which prevented it from moving. Claimant testified that he had to use a carjack to raise his vehicle and remove the rock. He described the rock as ten to twelve inches thick and sixteen inches long. Claimant removed the rock from the road and estimated that it weighed forty-five to fifty pounds. According to claimant, he traveled this road between ten to twenty times per year and that he had last traveled through this location approximately one or two months prior to this incident. Claimant submitted repair bills and an estimate into evidence at the hearing in the amount of $1,227.73 for the damage to his vehicle. The rock destroyed the oil pan, gasket, and the filter. He also received an estimate for the damage to the inner fender and the front end section of the vehicle.
Claimant contends that respondent knew or should have known that this location presented a rock fall hazard and failed to take proper precautions to remedy the hazardous condition.
It is respondent’s position that it acted reasonably and diligently in maintaining the rock cliff at tills location and that it did not have notice of this rock fall until after it occurred.
George Steorts, is the County Administrator for respondent in Marion County and is responsible for the maintenance of the roads and highways in Marion County. He testified that he is responsible for maintaining U.S. Route 250 and that he is familiar with the location of this incident. Mr. Steorts stated that U.S. Route 250 is a primary route with a high volume of traffic. He testified that this location has been a known rock fall area. However, he stated that respondent does not have warning signs in place, but it does have hazard barrels sitting on the berm approximately two or three feet off of the road to warn the traveling public that the area is prone to having some small debris fall onto the road. According to Mr. Steorts, respondent undertook a project at this location in 2002, to scale down the “high walf’or rock cliff in order to prevent rock falls. Prior to the project in 2002, there had been a major rock fall at this location that shut down the road. Respondent removed approximately tentó fifteen feet from the top ofthe rock cliff and created a “rock bench” approximately ten feet up the wall. The “rock bench” is six feet wide and is designed to stop rocks and debris from falling onto the highway below. In addition, respondent widened the berm to reduce the chance of rocks falling onto the travel portion of the road. According to Mr. Steorts, respondent has not had any large rock falls at this location since the project was completed. He stated that his crews have occasionally reported clearing some smaller rocks off the road, but not large rocks such as the one in this claim. Further, he testified that respondent did not have notice of this particular rock fall until after the incident.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 81 *84 (W.Va.1947). The Court has consistently held that the unexplained falling of rock or rock debris on the road surface is insufficient to justify an award. Copen v. Division of Highways, 23 Ct. Cl. 272 (2001); Mitchell v. Division of Highways, 21 Ct. Cl. 91 (1996). In order to hold respondent liable for defects of this type, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Hammond v. Division of Highways, 11 Ct. Cl. 234 (1977). Claimant must also establish that respondent had a reasonable amount of time to take corrective action. Alkire v. Division of Highways, 21 Ct. Cl. 179 (1997); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that claimant did not establish that respondent had notice of a potential hazardous condition at this location. The evidence adduced at the hearing established that respondent had worked on the rock cliff in 2002 in an attempt to prevent more rock falls at this location. Considering the mountainous terrain on U.S. Route 250 at the scene of the accident herein, the measures taken by respondent were reasonable and diligent. Further, respondent did not have notice of this particular rock fall until after it had occurred. Thus, respondent did not have a reasonable amount of time to take corrective actions. While the Court is sympathetic to claimant’s plight, there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.