PER CURIAM:
Claimant brought this action for the value of his vehicle when his vehicle struck a b oulder w hile h e w as t raveling n orthbound o n W. Va. R oute 2, s outh o f Moundsville. At this location, W.Va. Route 2 is maintained by respondent in Marshall County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on February 28, 1999, at approximately 10:30 p.m. Claimant was traveling northbound on W.Va. Route 2 in *249 his 1991 Chevrolet S-l pick-up truck from his place of employment. At this location, W.Va. Route 2 is a four-lane highway with a concrete median. While this area is not part o f t he a rea commonly r eferred t o a s “ the Na rrows” b etween G1 en D ale a nd McMechen, it is a known rock fall area. A warning sign is posted in the northbound lane about three-quarters of a mile from the location in question. Claimant drove his vehicle through an outside turn in the road, then an inside turn in the road. Suddenly, he came upon a boulder on the travel portion of the road. He attempted to maneuver his truck around the boulder, but the right side of the truck struck the boulder. The damage sustained was determined to be greater than the value of the vehicle so the vehicle was “totaled.” Claimant has a deductible feature of $1,000.00 in his motor vehicle insurance policy. In accordance with the Court’s decision in Sommerville et al. vs. Div. of Highways, any recovery would be limited to this amount. See Id., 18 Ct. Cl. 110 (1991). Afterwards, claimant informed the West Virginia State Police of the incident.
The position of respondent is that it did not have notice of the boulder on W.Va. Route 2 in M arshall C ounty. A ccording to County Administrator Ronald William Faulk, this area is a known rockfall area and is regularly patrolled because of the freeze-thaw cycles that occur during the month of February. Mr. Faulk testified that he drives this road daily and that respondent has had numerous reports of rock removal from this portion of road. Respondent further asserts that this area is well marked as a rockfall area.
In this claim, the evidence established that respondent had actual knowledge of a hazardous condition on W.Va. Route 2 in Marshall County. Last year, the Court heard two separate rockfall claims regarding this area. See Hundagen vs. Div. of Highways (unpublished opinion issued December 6, 1999); Williams vs. Div. of Highways, (unpublished opinion issued December 6, 1999). In those claims, the Court held that the actions of respondent were insufficient because it had notice of a hazardous condition posing a threat to the traveling public. Since then, respondent has failed to take any permanent remedial measures in order to assure motorists may travel safely in this area. There was no showing that respondent did anything beyond routine patrolling of W.Va. Route 2. Consequently, there is sufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $1,000.00.