PER CURIAM:
Claimant brought this action for damage to his 1993 Chrysler Concorde which occurred when he was traveling on Route 2 south of Moundsville in Marshall County and his vehicle struck a large rock in the road. Respondent was responsible at all times herein for the maintenance of Route 2. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on February 10, 2002, between 4:30 p.m. and 5:00 p.m. Claimant, his wife, son, and father-in-law were on their way back from New Martinsville. He was driving northbound on Route 2 towards their home in Moundsville in Marshall County. It was raining and the road surface was wet. When he was just south of Moundsville traveling at approximately fifty-five miles per hour and proceeding around a curve, his vehicle suddenly struck a large rock in the road. The impact was strong enough to lift the front of the vehicle up and slam it back down. Claimant maneuvered the vehicle off the road to see if any *213 of his passengers was injured. Fortunately, no one was injured, but the vehicle was seriously damaged and had to be towed from the scene. Claimant submitted a repair bill into evidence in the amount of $402.81 and a tow bill in the amount of $30.00. He testified that he was aware that this area was a rock fall area and he was traveling in the left lane because he was concerned about rocks falling from the hillside on the right side of the road. He travels this portion of the road approximately three to four times per month and he has seen many rock falls. He stated that he did not see this rock until after his vehicle struck it. He is not sure if it was already sitting there or if it had just rolled off the hillside. He is certain that it was in the far left lane which means it rolled across two lanes of traffic before coming to rest. Claimant also testified that this area is referred to as the “narrows” and is known for rock falls especially during the winter months. He stated that he had comprehensive insurance coverage that would cover these damages, but the deductible feature was $500.00. Claimant seeks $432.81 in damages.
Claimant asserts that respondent knew or should have known that this was a high risk area for rock falls and yet failed to take timely and adequate measures to remedy this hazardous condition.
It is respondent’s position that it acted diligently in this claim in that it had warning signs in place and a procedure implemented to detect and remove fallen rocks. “
Christopher Minor was the Assistant County Supervisor for respondent in Marshall County at the time this incident occurred. His responsibilities included daily supervision ofwork crews and overall maintenance of the highways. Mr. Minor was responsible for the maintenance of Route 2 at the location of this incident and is familiar with the road at this location. He testified that this portion of Route 2 is a four-lane, divided highway with white edge lines, a center line, and guardrail. Mr. Minor testified that he believes that there is a rock fall warning sign for southbound traffic and one for northbound traffic. There was a falling rock warning sign approximately one mile from this location. Mr. Minor testified that this location is a known rock fall area. He stated that it is referred to as the “lower narrows”. Mr. Minor testified that respondent had a system in place on the night in question whereby the respondent has patrolmen working eight hour shifts that cover a twenty-four hour period due to the freeze/thaw cycle. The patrolmen drive primarily within the Glendale area known as the “upper narrows” and make three or four trips back and forth looking for rocks. The patrolmen drive south below Moundsville, where this incident occurred, a little less often because that area is known to have fewer rock falls. According to Mr. Minor’s log book, on the date in question, respondent had patrolmen in the area between 4:15 p.m. and 5:20 p.m. However, there was no report of any rock falls.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had constructive notice of rock fall hazards in the area at issue. The area on Route 2 *214 commonly referred to as “the narrows” is a section of highway known for dangerous rock falls which are a hazard to the traveling public. Although respondent had patrolmen on duty watching for rock falls on the date of this incident, this action has not proven to be an adequate remedy to protect the traveling public from the rocks which frequently fall onto the highway. Thus, the Court is of the opinion that respondent is liable for the damages which flow from its inadequate protection of the traveling public in this specific location of Route 2, and further, that respondent is liable for the damages to claimant’s vehicle in this claim.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $432.81.
Award of$432.81.