PER CURIAM:
Claimant brought this action for damage to her 1988 Eagle Premier which occurred when she was traveling north on Route 2 between Glendale and McMechen in Marshall County and her vehicle struck a large rock in the road. Respondent was responsible at all times herein for the maintenance of Route 2. The Court is of the opinion to make an award in this claim for the reasons set forth below.
*274 The incident giving rise to this claim occurred on February 10, 2002, at approximately 2:30 p.m. Claimant and a friend were on their way back from Glendale. Claimant was driving northbound on Route 2 towards her home in Benwood in Marshall County. It was cloudy outside but the roads were dry. She was traveling in the far right lane. At this location, Route 2 has four lanes. Claimant was just north of Glendale traveling at approximately forty to forty five miles per hour when suddenly her vehicle struck a large rock in the middle of her lane of travel. She stated that she saw the rock just briefly before the vehicle struck it, but she did not have enough time to react so as to avoid it. There was only one other vehicle near her vehicle at the time of the incident, and it was trying to pass her in the left lane. She testified that the rock was approximately twelve to fifteen inches long, eight to nine inches tall, and eight to ten inches wide. The impact was strong enough to destroy the transmission in the vehicle. She was forced to maneuver the vehicle off the road, and wait on a tow truck. Fortunately, no one was injured, but the vehicle was seriously damaged and had to be towed. Claimant stated that she traveled this portion of Route 2 often. The last time she traveled it was approximately four days before this incident. She was aware that this area was a rock fall area, and that it is marked with warning signs. Although she has never seen a rock fall at this location prior to this incident, she testified that she has traveled the same portion of Route 2 and observed numerous clean up crews cleaning up rock falls. Claimant also testified that this area is referred to as the “upper narrows” and is known for having numerous rock falls. Claimant submitted a repair estimate for the cost of replacing the vehicle’s transmission. The estimated cost for replacing the transmission was $1,500.00 to $2,000.00. Claimant also submitted into evidence a tow bill in the amount of $35.00. Claimant testified that she gave the repair shop her vehicle because the cost to replace the transmission was more than the value of the vehicle. She purchased the vehicle in 1995 at a price of approximately $4,900.00. The vehicle had approximately fifty-one thousand miles on it when she bought it, and approximately seventy thousand miles when this incident occurred. Further, she testified that a few months prior to the accident a few individuals had told her that the vehicle was worth approximately $800.00 to $1,000.00. Claimant stated that she did not have comprehensive insurance coverage that would cover any portion of this damage. Claimant seeks the value of the vehicle and the cost of the towing bill.
Claimant asserts that respondent knew or should have known that this was a high risk area for rock falls and yet failed to take timely and adequate measures to remedy this hazardous condition.
Respondent did not present any evidence or witnesses in this claim.
To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had at least constructive, if not actual notice, of rock fall hazards in the area at issue. The area on Route 2 commonly referred to as “the narrows” is a section of highway known for dangerous rock falls which are a hazard to the traveling public. The respondent’s actions on the date of this incident were not adequate to protect the claimant from the rocks which frequently fall onto the highway. Thus, the Court is of the opinion that *275 respondent is liable for the damages which flow from its inadequate protection of the traveling public in this specific location of Route 2, and further, that respondent is liable for the damages to claimant’s vehicle in this claim. The Court is of the opinion to make an award to the claimant for the fair market value of her vehicle in the amount of $1,000.00, and an award for the cost of the towing bill in the amount of $35.00. Thus, the Court makes a total award to the claimant in the amount of $1,035.00.
In accordance with the finding of facts and conclusions of law as stated herein above, the Court is of the opinion to make an award to the claimant in the amount of $ 1,035.00.
Award of $1,035.00.