PER CURIAM:
Claimant brought this action for personal injuries and property damage which occurred when she was traveling north on State Route 2 between Glendale and McMechen in Marshall County and her vehicle struck a large rock in the road. Respondent was responsible at all times herein for the maintenance of State Route 2. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on March 15,2003, between 5:00 p.m. and 6:00 p.m. Claimant was traveling northbound on State Route 2 through a stretch *72 of highway referred, to locally as the “Glendale Narrows.” She was proceeding to her home in Benwood, Marshall County. She stated that the weather conditions were clear and the road surface was in good condition. At this location, State Route 2 is an undivided, four-lane asphalt highway. There are two southbound lanes and two northbound lanes. Each lane is twelve and one-half feet wide. There are center markings and white edge lines on each side of the road. Along the northbound side of the road there is a sheer rock cliff and along the southbound side of the road there is a stone wall between the road and a steep slope to the river. On the evening at issue, claimant stated that there were vehicles Raveling in front of her and behind her in the left lane of travel but there were no oncoming vehicles. Claimant was traveling in the left lane between forty-five and fifty miles per hour. She had just driven up a small grade in the road and she was starting to proceed down a small hill when she attempted to maneuver into the right lane of travel. She looked in her rearview mirror, her side mirror, and then turned to look back once more to make sure the lane was clear. She had just maneuvered into the right lane when she suddenly observed a large rock in the road in front of her. According to claimant, she attempted to avoid the rock by quickly maneuvering the vehicle. However, she was unable to avoid striking it with the vehicle. Claimant stated that the vehicle struck the rock and “ran up over it” causing the vehicle to go up in the air and come back down on two wheels. Claimant testified that the vehicle went up in the air and landed on two wheels twice. Then, the vehicle headed toward the stone wall between the road and the river. She attempted to maneuver it back onto the road, but she was unable to regain control of the vehicle which struck the stone wall and bounced back twice before coming to rest after striking the stone wall a third time. Claimant described the rock which her vehicle stack as being approximately thirty to thirty-six inches wide and at least thirty-six inches high. She stated that the rock was already in the road when the impact occurred. Further, claimant stated that the incident occurred in the portion of “the narrows” closer to McMechen than to Glendale. Claimant introduced photographs into evidence which depict numerous rocks located between the edge of the road and the bottom of the hillside at the location of this incident. As a result of the impact with the rock, claimant’s vehicle was damaged and it had to be towed from the scene. Claimant had an estimate of the damages to the vehicle which was determined to be a total loss. In addition, claimant suffered personal injuries as a result of this incident. She testified that she did not believe that she was injured at the time of the incident and therefore did not go to the hospital that day. However, she woke up the next morning in pain. She stated that she had a bruise on her arm and some swelling in her leg. Claimant went to the Wheeling Hospital Emergency Department where she was examined and x-rayed. Claimant suffered no broken bones, and she was treated and released with a recommendation to follow up with her family physician. She stated that she did follow up with Dr. Kelly at the New Benwood Medical Clinic for one visit. Claimant testified that she does not suffer from any long term physical injuries or chronic pain as a result of this incident. Claimant also testified that she missed approximately nine days of work as a result of not having a vehicle to travel to and from her places of employment. However, claimant stated that she did not miss work as a result of the physical injuries she suffered in this incident. She submitted property damage estimates and a towing bill into evidence at the hearing. Subsequent to the hearing, claimant submitted her medical bills and lost wages to the Court at the Court’s request. Claimant incurred an expense at Wheeling Hospital in the total amount of $298.75. Her health insurance earner paid all of this amount except $21.14, claimant’s co-pay. Claimant submitted a bill from New Benwood Medical Clinic in the amount of $203.87 of which claimant paid a co-pay in *73 the amount of $ 10.00, and she submitted a receipt from Ohio Valley Chiropractic, LLC in the amount of $ 105.24 which claimant paid in full. However, it is unclear whether or not claimant ’ s health insurance covered or could have covered any portion of this medical expense. Claimant also testified that she purchased her vehicle on July 11, 2002, for $1,200.00, and she submitted estimates from three different automobile dealers who valued the vehicle at $1,200.00 at the time of this incident. In addition, claimant seeks to recover the fifty dollar towing bill. Thus, claimant seeks recovery in the amount of $1,386.38 in this claim.
Claimant asserts that respondent knew or should have known that this was a high risk area for rock falls and yet failed to take timely and adequate measures to remedy this hazardous condition.
It is respondent’s position that it acted diligently and took reasonable measures to warn and protect the traveling public from the hazards of rock falls.
Christopher Minor, Highway Administrator Two for respondent in Marshall County at the time of this incident, is responsible for all routine maintenance in Marshall County. Mr. Minor is familiar with the location of this incident referred to as “the narrows.” This portion of Route 2 is approximately one mile and a half in length. Mr. Minor testified that both the north and south bound lanes are illuminated with high-intensity lights to help protect the traveling public. He also stated that each lane is signed as a rock fall area. One sign is located on the northern entrance which is on the Glendale end of the “narrows” and the other is located at the southbound entrance of the “narrows” on the McMechen side. He stated that the rock fall signs are approximately five feet wide and five feet long and have flashing amber lights. According to Mr. Minor, these were present at the time of claimant’s incident and she wouldhave driven past one of the signs. Mr. Minor testified that respondent has also taken additional measures to protect the traveling public including patrolmen operating on a full twenty-four hour cycle when there is a freeze/thaw cycle or during a period of heavy rock falls. In addition, respondent relies on the state, county, and local police to detect and report problems. Mr. Minor testified respondent did not have notice of this particular rock fall until 8:00 p.m., after the incident occurred.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Coburn v. Division of Highways, Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Knowledge of other rock falls in the area near an incident can be sufficient to give respondent notice of a hazard to the traveling public. Cole v. Division of Highways, 21 Ct. Cl. 15 (1995); Foster v. Division of Highways, 23 Ct. Cl. 248 (2000).
In the present claim, the Court is of the opinion that respondent had actual knowledge of a hazardous condition at the location of this incident on State Route 2 in Marshall County. This area on State Route 2 between Glendale and McMechen referred to as “the narrows” is a section of highway known for dangerous rock falls which are a hazard to the traveling public. Foster v. Division of Highways, 23 Ct. Cl. 248 (2000). Respondent’s remedial actions have proven to be insufficient to protect the traveling public at this location. Respondent has placed falling rock warning signs with flashing lights and it has installed numerous lights to illuminate the road to assist drivers in seeing rock falls. In addition, respondent also has regular patrols to locate rocks on the road. *74 However, these measures have proven insufficient to protect the traveling public in this particular section of State Route 2. Thus, the Court is of the opinion that respondent is liable for the damages which proximately flow from its inadequate protection of the traveling public at this specific location of State Route 2 in Marshall County. Thus, the Court is of the opinion to make an award to the claimant for the value of her vehicle in the amount of $1,200.00, $50.00 for the towing bill, $31.14 for the medical insurance co-payments, and $105.24 for the costs incurred in receiving chiropractic care for a total award of $1,386.38. The Couit has determined that claimant failed to establish by a preponderance of the evidence that she suffered lost wages; therefore, claimant may not make a recovery for lost wages.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $1,386.38.
Award of $1,386.38.