PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her1995 Ford Escort wagon striking rocks while her daughter, Ashley Doty was traveling on State Route 2 in the Glendale area, also known as “the narrows,” Marshall County. State Route 2 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 20, 2004. On the date in question, claimant’s daughter, Ashley Doty, was traveling northbound on State Route 2 around Glendale. State Route 2 is a four-lane road that is marked as a “falling rock” area. Claimant’s daughter was proceeding along State Route 2 when the vehicle she was driving struck a rock that had fallen into the roadway. Claimant’s vehicle sustained damages to two tires totaling $110.66.
It is respondent’s position that it acted diligently and took reasonable measures to warn and protect the traveling public from the hazards of rock falls. There are “rock fall” signs at both the north and south ends of “the narrows,” the respondent undertakes periodic patrols through the area, and keeps the area lighted at night. Respondent also maintained that it had no notice of this particular rock fall prior to claimant’s accident.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). In order to hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986): Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had constructive notice of rock fall hazards in the area at issue. This area on State Route 2 referred to as *204 “the narrows” is a section of highway known for dangerous rock falls which are clearly a hazard to the traveling public.
Even though respondent has flashing warning signs in place and numerous lights to assist drivers in seeing rock falls, these actions have not proven to be an adequate remedy to protect the traveling public from the rocks which frequently fall onto the highway. This Court has previously made awards in “the narrows cases” numerous times. See Branicky vs. Div. of Highways, 24 Ct. Cl. 273 (2003); Cusick vs. Div. of Highways, 24 Ct. Cl. 216 (2002); Hall vs. Div. of Highways, 24 Ct. Cl. 212 (2002); Foster vs. Div. of Highways, 23 Ct. Cl. 248 (2000); Williams vs. Div. of Highways, CC-99-114, (Ct. Cl. Dec. 6,1999), available at http://129.71.164.29/court claims/CC-99-114.htm; Hundagen vs. Div. of Highways, CC-98-303 (Ct. Cl. Dec. 6, 1999), available at http://129.71.164.29/court claims/CC-98-303.htm. Thus, the Court is of the opinion that respondent is liable for the damages which proximately flow from its inadequate protection of the traveling public in this specific location of State Route 2 in Marshall County, and further, that respondent is liable for the damages to claimant’s vehicle in this claim.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $110.66.
Award of $110.66.