PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her 2002 Toyota RAV4 striking rocks while she was traveling on State Route 2 in die Glendale area, also known as “the narrows,” in Marshall County. State Route 2 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred on December 23, 2005. On the date in question, Ms. Furbee was traveling northbound on State Route 2 near Glendale. State Route 2 is a four-lane road that is marked as a “falling rock” area. She was proceeding along State Route 2 when the vehicle she was driving struck a rock that had fallen into the roadway. Claimant’s vehicle sustained damage to two tires and two rims totaling $1,012.97.
It is respondent’s position that it acted diligently and took reasonable measures to warn and protect the traveling public from the hazards of rock falls. There are falling rock signs at both the north and south ends of the section of State Route 2 referred to as “the narrows.” Respondent undertakes periodic patrols through the area and the area has been provided with ample lights for when it is dark. Respondent also maintained that it had no notice of this particular rock fall prior to claimant’s accident.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 46 S.E.2d 811 (W.Va.1947). In order to hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent has constructive notice of rock fall hazards in the area at issue. This area on State Route 2 referred to as “the narrows” is a section of highway known for dangerous rock falls which are clearly a hazard to the traveling public.
Even though respondent has flashing warning signs in place and numerous lights to assist drivers in seeing rock falls, these actions have not proven to be an adequate remedy to protect the traveling public from the rocks which frequently fall onto the highway. This Court has previously made awards in many claims which occurred in this specific section of State Route 2. See Branicky vs. Div. of Highways, 24 Ct. Cl. 273 (2003); Cusick vs. Div. of Highways, 24 Ct. Cl. 216 (2002); Hall vs. Div. of Highways, 24 Ct. Cl. 212 (2002); Foster vs. Div. of Highways, 23 Ct. Cl. 248 (2000); Williams vs. Div. of Highways, CC-99-114, (Ct. Cl. Dec. 6, 1999); Hundagen vs. Div. of Highways, CC-98-303 (Ct. Cl. Dec. 6, 1999. Thus, the Court is of the opinion that respondent is liable for the damages which proximately flow from its inadequate protection of the traveling public in this specific location of State Route 2 in Marshall County, and further, that respondent is liable for the damages to claimant’s vehicle in this claim.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $1,012.97.
Award of $1,012.97.